## HORTON *vs.* THE STATE.

[INDICTMENT FOR SELLING SPIRITUOUS LIQUORS WITHOUT LICENSE.]

1. *Judgment and conviction; what recital as to oath of jury will cause reversal.*—When the record shows that the jury who tried the case was not duly sworn as required by law, and that the verdict of the jury was not delivered on "their oath," this is error for which the cause will be reversed.

2. *Grand jury, objection to; when too late.*—An objection to the grand jury, which found the indictment, comes too late after the defendant has pleaded to the merits.

APPEAL from City Court of Mobile.
Tried before Hon. C. F. MOULTON.

Appellant was indicted for selling spirituous liquors without license and contrary to law. He demurred to the indictment, and assigned, among other grounds, "that the record and minutes of the term at which the indictment was found do not show that the alleged grand jury, by which said indictment purports to have been found, was regularly drawn, impanneled, and sworn in the manner and form as prescribed by law, or that said indictment was found and returned into open court by any legally constituted grand jury." The demurrer was overruled, and defendant went

to trial on plea of not guilty, was convicted, and fined fifty dollars.

The minute-entry showing the formation of the grand jury, after giving the names of the jurors, &c., concludes: "And the court being of opinion that they possessed the legal qualification required for jurymen, the said grand jury was organized, with T. M. LeBaron, by nomination of the court, as foreman, sworn and charged as to their duties as the grand inquest of the county."

The judgment-entry recites: "Thereupon, came a jury of good and lawful men, to-wit: B. A. Reynolds, and eleven others, who being empanneled and sworn well and truly to try the issue joined, and having heard all the evidence and the charge of the court, rendered the following verdict: We the jury find the defendant guilty; and assess the fine at fifty dollars."

The errors assigned are—

1st. That the record shows that the grand jury was not legally sworn or organized.

2d. That the foreman of the grand jury took no oath whatever.

3d. That the petit jury was improperly sworn, and did not take the oath required by law.

SMITH & BESTOR, for appellant.—1. The record shows that the grand jury who found the indictment were not sworn in the manner prescribed by section 4083 of the Revised Code, but shows that they were sworn "as to their duties as the grand inquest of the county." This is nothing more than a certificate of the clerk of the court that they were sworn in the manner stated.

2. The record does not show that the foreman was sworn as required by section 4082 of the Revised Code, nor that he was sworn at all.

3d. The petit jury were sworn simply "well and truly to try the issue joined." The recital of the record is as follows: "And thereupon, came a jury of lawful, qualified men, to-wit: B. A. Reynolds, and eleven others, who being impanneled and sworn well and truly joined, and having

heard the evidence and the charge of the court, rendered the following verdict: We, the jury, find the defendant, Reed Horton, guilty, and assess the fine at fifty dollars. It is therefore ordered," &c.

The record imports verity, and the conviction and judgment in this case was not a conviction by due process of law. The finding of the jury was not under the oath required, which should have been " to well and truly try all issues," &c., "submitted to them," &c., and "a true verdict render according to the evidence."—Revised Code, § 4092; 4 Black. Com. 355. Such a trial is erroneous.—*Joe Johnson v. State*, at present term; *Andrew Johnson v. State, ib.*

J. W. A. SANFORD, Attorney-General, *contra.*—1. Any illegality in drawing, impanneling and swearing the grand jury should be shown to the court by a plea in abatement. *Collier v. The State*, 2 Stew. 388; *State v. Pile*, 5 Ala. 72.

The record is a history of the facts that occur in the trial of a case. It does not, in this case, purport to set out the oath in the very words of the statute. It merely recites that an oath was administered to the jurors to try the issue joined. This is sufficient.—*State v. Pile*, 5 Ala. 72–74; *Crist v. The State*, 21 Ala. 137–148; *McGuire v. The State*, 37 Ala. 161–163.

PETERS, J.—The conviction in this case must be reversed upon the authority of *Joe Johnson v. The State*, at the present term. The record recites the oath administered to the petit jury who tried this case in the court below, in these words: "Thereupon, came a jury of lawfully qualified men, to-wit: B. A. Reynolds, and eleven others, who being impanneled and sworn well and truly to try the issue joined, and having heard the evidence and the charge of the court, rendered the following verdict." This is not the oath required by the statute, nor is it equivalent to the recital that the jury were well and truly sworn to try the issue joined according to law. Nor does it appear that the finding of the jury was upon "their oath." The rule in criminal prosecutions is, that the record must show affirmatively

that the court has proceeded according to law. This court can not know that a party accused has been tried "by due process of law" unless this is shown by the record. It is to the record alone that the court must look. If this is defective, there is no authority to amend it by presumptions.—Const. Ala. art. 1, § 8; Rev. Code, § 4314. Here the oath set out in the record is not that required by the statute.—Rev. Code, § 4092. Nor is it averred or stated in the record that the jury were sworn according to law. Then there is no grounds upon which the court can base a presumption to help out the record. Without this, the presumption would be a mere guess. And beside this, it does not appear that the jury delivered their verdict upon "their oath." This is usual in all the forms.—Black. Com. App. p. 111.

I can not consent to authorize such irregularities. There will be no end to them, if this court sanctions the amendment of the record on presumptions, which in such a case are rather mere guesses.

The objection to the grand jury that found the indictment comes too late, after the accused has pleaded a plea to the merits in the court below.—Rev. Code, § 4187; 30 Ala. 511; 33 Ala. 366. This is the case here.

The other objections to the proceedings in the court below are not such as will likely occur upon a new trial. They are therefore not noticed in this opinion.

The judgment of the court below is reversed, and the cause is remanded for a new trial; and the defendant (said B. Reed Horton) will be kept in custody until discharged by due course of law.