# Potter *v.* The State.

## *Indictment for Burglary.*

1. *Code; variance between printed copy and manuscript.*—The original manuscript of the Code, as adopted by the General Assembly, governs the printed copy; and when a change of punctuation, as shown by the printed copy, in a statute which had received a judicial construction, is relied on as showing a legislative intention to change the statute, the court will look to and be governed by the original manuscript, in which the former punctuation is preserved.

2. *Sufficiency of indictment; description of building.*—In an indictment which charges burglary by breaking and entering a dwelling-house (Code, § 3786), it is not necessary to aver that goods, merchandise, or other thing of value. was kept in the house for use, sale, or deposit, those words applying only to the buildings or structures named in the second clause of the statute.

3. *Making tracks voluntarily, or refusing to make.*—An accused person can not be compelled to do or say anything that will tend to criminate himself, and his refusal to do so can not be proved as a circumstance against him; but, if he voluntarily asks to be carried to the scene of the crime, in order that his tracks may be compared with other tracks found there, the prosecution may prove that they seemed to correspond; and he can not insist, in such case, in having the jury instructed that they may consider, as a circumstance. in his favor, the fact that he did this voluntarily.

4. *Argumentative or misleading charge; reasonable doubt.*—A charge which instructs the jury that, if a witness for the prosecution is a paid detective, "they may look to that fact in determining the weight to be given to his evidence; and if they find he is contradicted by other credible witnesses, to such an extent the testimony can not be reconciled, and such interest and contradiction generates in their minds a reasonable doubt as to the guilt of the defendant, then their verdict should be not guilty,"—is properly refused, being argumentative and misleading.

5. *Same.*—A charge which instructs the jury that, if it is reasonable to suppose that the tracks found near the place where the offense was committed "were made by some one else than the defendant, this would authorize them to find that they were not made by him; and if, after looking at the whole evidence, there is a reasonable doubt as to the defendant's guilt, they shall acquit,"—is properly refused, being argumentative, and invading the province of the jury.

FROM the Circuit Court of Escambia.

Tried before the Hon. JOHN P. HUBBARD.

The appellant in this case, Wade Potter, was indicted, tried and convicted of burglary. The jury returned a verdict of guilty on the first count, which is set out in the opinion. There was a motion made in arrest of judgment, which was overruled by the court. The grounds of said motion are suffi-

[Potter v. The State.]

ciently set out in the opinion of this court. The evidence, as adduced by the State, showed that the kitchen, a part of the dwelling-house of one Arnold, was broken open and entered prior to the finding of the indictment in this case, and that certain groceries—flour, etc.—were taken therefrom. Upon the said Arnold testifying that he followed the tracks of the burglar from his kitchen out into a ploughed field near his house, he was asked to state if the defendant was carried to where the tracks were, and if he saw defendant's foot fitted into the track. Upon the defendant's request he was, at this stage of the trial, allowed to show the circumstances under which he was carried to where the tracks were. These circumstances are narrated in the opinion. In answer to the question, "If he saw the defendant's foot adjusted into the barefoot track, and if so to state whether it fitted or not," Arnold answered, that there was a very close resemblance between the tracks in the field and the barefoot tracks of the defendant. The defendant objected to this evidence, on the ground that it was in the nature of a confession, and was extorted from him by the sheriff.

The State then introduced one Charlie Calhoun, who claimed to be a colored detective. He testified that he was a paid detective in the employ of the "Georgia Central" railroad; that he was sent for by Mr. Rankin, mayor of Brewton; that he was acquanted with the defendant, having met him shortly after coming to Brewton. He further testified that, on Monday, the day after the alleged breaking into Arnold's house, he met with defendant on the front gallery of a store-house in Brewton, where there were several other people; that while sitting close to the defendant and Lawson Clausell, he heard them talking in a low tone, and overheard the defendant say he was very sore from "toting" certain flour; that the defendant asked said Clausell, "why he did not come with them?" The defendant then introduced several witnesses, who contradicted the testimony of the said Calhoun in reference to the conversation which took place between the defendant and Clausell. These witnesses testified that no such conversation occurred.

The defendant, upon the introduction of all the evidence, requested the following charges in writing: (1.) "The fact that the defendant asked to be carried to where the tracks were voluntarily, that his feet might be compared with the tracks, is a circumstance to which the jury may look, in the defendant's favor, together with all the evidence in the case." (2.) "The jury may look to the fact that Charlie Calhoun is a paid detective, in determining the weight to be given his evi-

[Potter v. The State.]

dence; and if they find he is contradicted by other creditable witnesses to such an extent that the testimony can not be reconciled, and such interest and contradiction generate in the mind of the jury a reasonable doubt as to the guilt of the defendant, then the verdict should be not guilty." The court refused to give these charges, and the defendant duly excepted to their refusal.

J. M. WHITEHEAD, for appellant.

WM. L. MARTIN, Attorney-General, for the State, cited *Little v. State*, 89 Ala. 99; *Dodson v. State*, 86 Ala. 60; *Blackburn v. State*, *Ib*. 595.

CLOPTON, J.—Appellant was indicted and convicted under section 3786 of the Criminal Code. The jury having returned a verdict of guilty on the first count of the indictment, which charges that the accused, with intent to steal, broke into and entered the dwelling-house of George Arnold, a motion was made in arrest of judgment, and overruled. The motion is based on the insufficiency of the first count, consisting, as is contended, in the omission to aver that the dwelling-house was a house in which goods, merchandise or other valuable thing, was kept for use, sale or deposit; or that it was specially constructed or made to keep such goods, merchandise, or other thing of value. In *Crawford v. State*, 44 Ala. 382, it was said, that section 3695 of the Revised Code was clearly divided into two members, separated by the word *or* and a semicolon—the first making burglary to consist in breaking into and entering, with intent to steal or commit a felony, "a dwelling-house, or any building within the curtilage of a dwelling-house, though not forming a part thereof," and that these were the facts to be stated in an indictment under the first member of the section   It was also held, that the words, "in which any goods, merchandise or other valuable thing, is kept for use, sale or deposit," as employed in the statute, were applicable only to the houses mentioned in the second member—"any shop, store, warehouse, or other building." It appearing that in section 3786 of the present Code, as printed, a comma is used, where a semicolon was used in section 3695 of the Revised Code, it is insisted that this change of punctuation shows, that the legislature intended to abrogate the division of the section into two members, as construed in *Crawford v. State*, *supra*, and make the characteristics, as to the contents of the house, and the uses to which it is put or for which it was constructed or made, applicable to all the houses named

in the section.  Whether section 3786 should be re-punctuated, if need be, and construed as a continuation of the prior division into two distinct members, or whether such change of punctuation should be regarded as controlling the interpetation of the statute, it is unnecessary to decide.  The original manuscript of the Code, as adopted by the legislature, governs the printed copy.  By reference to the manuscript, we find that the semicolon is retained and used in the same place as in section 3695; so that the change of punctuation, on which the alteration of the construction is founded, was not in fact made. Its retention and use is a legislative adoption of the prior judicial construction placed on the statute.—*McPhail v. Gerry*, 55 Vt. 174.

A person, accused of crime, can not be compelled to do or say anything that will criminate him, and his failure or refusal to do so can not be proved as a circumstance against him.  On this principle, his refusal to make tracks, in order to ascertain their correspondence with tracks found at or near the place of the crime, is not provable against him.— *Cooper v. State*, 86 Ala. 610.  But such is not the character of the evidence objected to.  Defendant was not carried to the place by force, nor was he compelled or induced by threats or promises to put his feet in the tracks leading to the house.  There being evidence, during the preliminary investigation, that the tracks were defendant's, he denied that they were his, and asked the sheriff to carry, or have him carried to the place, that he might put his feet in the tracks, the sheriff having said to him, in answer to an inquiry, that it might be, or would be a good point to make ; or, that if not his tracks, it might be best for him to do so, one or the other.  Defendant was carried at his own request, and voluntarily placed his feet in the tracks. Under these circumstances, it was competent to prove that, when defendant put his foot in the tracks, it seemed to fit. Neither is there error in refusing to charge, at request of defendant, that the fact that he asked, voluntarily, to be carried, that his feet might be compared with the tracks, is a circumstance to which the jury may look in his favor, together with all the other evidence in the case.  The accused can not thus make evidence for himself.—*Jordan v. State*, 81 Ala. 20.

The other two charges asked by defendant are argumentative and misleading, or invade the province of the jury.  They would probably have understood from the first, that defendant would be entitled to a verdict, if the interest of the paid detective, and the contradiction of his testimony by other witnesses, generated a reasonable doubt of his guilt, without regard to the other criminating evidence.  And the second

[Pruitt v. The State.]

charge, to the effect, that, "if it is reasonable to suppose that the tracks, found near Arnold's house on the morning after the alleged offense, were made by some one else than the defendant, then this would authorize the jury in finding that said tracks were not made by defendant; and if, after looking at the whole evidence, there is a reasonable doubt as to the defendant's guilt, then they should acquit," is not only argumentative, but also virtually a charge upon the sufficiency of the evidence. Charges, based on particular facts, selected and given undue prominence, and authorizing the jury to infer certain conclusions from such facts, may be properly refused. *Salm v. State*, 89 Ala. 56; *Hussey v. State*, 86 Ala. 34.

Affirmed.