# Davis *v.* The State.

*Indictment for Murder.*

1. *Pleading and practice; when motion to quash comes too late.* In the trial of a criminal case, after the plea to the merits has been filed, a motion to quash the indictment and a plea in abatement come too late.

2. *Same; when refusal of court to allow withdrawal of the plea to the merits not revisable.*—Whether the defendant in a criminal case shall be permitted to withdraw his plea of not guilty and interpose a plea in abatement, is a matter addressed to the discretion of the trial court and is not revisable on appeal.

3. *Organization of jury; repeal of former statute by reason of conflict with subsequent act.*—The provisions of the statute regulating the drawing and organization of juries, that "all laws and parts of laws general and special conflicting with the provisions of this act be and the same are hereby repealed," has the effect of repealing all prior acts providing for the drawing and organization of juries which are in conflict with the provisions of the later act.

4. *Evidence; general motion to exclude properly overruled.* When a motion to exclude testimony is general and includes both legal and illegal evidence, it is not error for the trial court to overrule such motion.

5. *Same; admissibility of evidence.*—Where on the trial of a criminal case, during the cross examination of a witness introduced by the State, the defendant elicits from him a part of a conversation had with a third party, it is competent for the State upon rebuttal examination of said witness, to show the entire conversation between him and said third person.

[Davis v. The State.]

6. *Same; witness should not be compelled to incriminate him-self.*—An accused person can not be compelled to do or say anything that would tend to criminate himself, and his refusal to do so can not be proved as a circumstance against him.

7. *Charge of court to jury; reasonable doubt.*—In the trial of a criminal case, a charge is erroneous and properly refused which instructs the jury that "if after a careful and cautious examination of all the testimony in the case there is a reasonable doubt of defendant's guilt, in the mind of either of the jurors, you should acquit the defendant."

8. *Same; same.*—A charge which instructs the jury that "a reasonable doubt may exist though there is no probability of defendant's innocence from the testimony, and if the jury not abiding conviction to a moral certainty of this guilt, then they should find him not guilty," would assert a correct proposition of law and should be given at the request of the defendant, if the word "have" was inserted after the word "jury" and before the word "not."

APPEAL from the Circuit Court of Lowndes.

Tried before the Hon. J. C.RICHARDSON.

The appellant, Mose Davis, was indicted and tried for the murder of Hannah Brown, was convicted of murder in the first degree and sentenced to be hung.

Upon the day the cause was called for trial, the defendant made a motion to quash the indictment. Upon a former day of the term the defendant had been arraigned and pleaded not guilty. This motion to quash the indictment was overruled, and to this ruling the defendant duly excepted. Thereupon the defendant moved the court to allow him to withdraw the plea of not guilty and file a plea in abatement. The court refused to allow the defendant to withdraw the plea of not guilty and to file a plea in abatement, and to this ruling the defendant duly excepted. The defendant thereupon moved the court to quash the venire from which the jury was selected which tried the cause. The grounds of this motion are sufficiently shown in the opinion. The court overruled the motion, and the defendant duly excepted.

There was evidence introduced on the part of the State tending to show that the defendant had killed Hannah Brown by shooting her with a pistol; one of the wit-

nesses for the State testifying that the defendant told him that he had killed Hannah Brown and that he started to dig a hole to put her body in, but decided not to do so. The facts surrounding the killing were not proven, the evidence relating thereto being circumstantial.

R. R. Broadnax, a witness for the State, testified that on the night Hannah Brown was killed he saw the defendant and Hannah Brown in his store together, and heard them fussing at the corner of his store in a loud voice. This witness further testified as follows: "My store is about 75 yards south of the house where Hannah Brown was living when she was killed. They were quarelling at the corner of my store on the outside of the store, and were talking in a loud voice. I heard the quarelling about 8:30 or 9 o'clock that Saturday night. There was a good deal of noise in my store and a good deal of noise on the outside at the time I heard them quarelling on the outside of my store."

The bill of exceptions then continued as follows: "The defendant moved the court to exclude from the jury what this witness heard on the outside. The court overruled this motion. To this action of the court the defendant duly and legally excepted."

During the examination of Richmond Powell, he testified, among other things, that the defendant had told him that he killed said Hannah Brown, but that when he was first asked if he knew anything about the killing he said that he did not; that he was subsequently arrested and placed in jail. On cross-examination he testified to one Haynes coming to the jail and asking him about the killing of Hannah Brown. Upon the examination of this witness in rebuttal by the State's solicitor, he was asked in detail as to the conversation which he had with said Haynes. To each of the questions so asked the witness in rebuttal as to the conversation with Haynes the defendant separately objected, and separately excepted to the court's overruling each of such objections.

There was evidence introduced on the part of the State as to a hole being dug not very far from the house of Hannah Brown. R. L. Goldsmith was introduced as

a witness for the State and testified that he noticed tracks in one end of said hole, and that he asked the defendant why he dug said hole, and upon the defendant denying that he had dug the hole, the witness Goldsmith stated to him that the tracks in said hole were those of the defendant, and asked defendant the following question: "Have you any objection to my taking your shoes away with me?" The witness further testified that the defendant would not consent for him to take the shoes away. The defendant moved the court to exclude the statement of the witness that the defendant would not consent for him to take his shoes away. The court overruled the motion, and to this ruling the defendant duly excepted.

The defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked: (2.) "If after a careful and cautious examination of all the testimony in the case there is a reasonable doubt of defendant's guilt in the mind of either of the jurors, you should acquit the defendant." (3.) "A reasonable doubt may exist though there is no probability of defendant's innocence from the testimony, and if the jury not abiding conviction to a moral certainty of this guilt, then they should find him not guilty."

D. K. MIDDLETON and W. P. MCGAUGH, for appellant.

CHAS. G. BROWN, Attorney-General, for the State, cited *Nixon v. State*, 68 Ala. 535; *Jackson v. State*, 74 Ala. 26; *Hubbard v. State*, 72 Ala. 164; *Gilmer v. State*, 126 Ala. 20; *Jenkins v. State*, 82 Ala. 25; *Dodson v. State*, 86 Ala. 60.

TYSON, J.—After a plea to the merits, a motion to quash the indictment and a plea in abatement come too late.—*Jackson v. The State*, 74 Ala. 26; *Horton v. The State*, 47 Ala. 58.

It is a matter of discretion, not revisable, with the trial court whether the accused shall be permitted to withdraw the plea of not guilty and interpose a plea in abatement.—*Williams v. The State*, 3 Stew. 454; *Hubbard v. The State*, 72 Ala. 164.

The motion to quash the *venire facias juratores,* as did the motion to quash the indictment and the plea in abatement proposed to be filed, proceeded solely upon the theory that the act of December 19, 1876, (Acts 1876-77, p. 190), entitled an act "To secure more effectually competent and well qualified jurors in the counties of Montgomery, Lowndes, Autauga, Dallas, Perry and Bullock," is still in force and of effect. Manifestly, if it was repealed by the act of February 28th, 1887, the motion is without merit. The act of February 28th (Acts 1886-87, p. 151), is entitled an act, "To more effectually secure competent and well qualified jurors in the several counties of this State, with the exception that the provisions of this act shall not apply to the counties of Henry, Mobile, Dallas, Talladega, Clay, Marengo, Cherokee, Etowah, St. Clair, Coffee, Dale, Geneva, Marshall and Montgomery." It will be noted that Lowndes is not one of the counties excepted from the operation of this act. Being one of *the several counties in this State,* it is by the very terms of the act included within its provisions. Section 17 of this act reads as follows: "Be it further enacted, That section 4732 of the Code of Alabama, and all other laws and parts of laws, general and special, conflicting with the provisions of this act, be and the same are hereby repealed; but all laws now in force in relation to jurors, their drawing, selecting or qualification, not in conflict with this act, are hereby continued in full force and effect," etc., etc. A mere cursory examination and comparison of the provisions of the two acts under consideration will demonstrate their utter inconsistency and repugnancy, to say nothing of the inextricable confusion and perplexity which must inevitably result from an attempt to enforce both of them. For instance, under the former, the commissioners appointed by the governor for the selection and drawing of grand and petit jurors are required to meet on the first Monday in January in each year and to select from the *householders* and *freeholders* of the county such persons, as in their opinion are competent to serve as grand and jetit jurors, etc., having regard to their honesty, impartiality and intelligence, and forbidding the commis-

sioners from selecting any person not esteemed in the community for his integrity, fair character and sound judgment or who is under the age of twenty-one years or over sixty years of age, or who is a habitual drunkard, or who is affected with a permanent disease, etc. Under the latter, the members of the boards of revenue, not including the probate judge, compose the commission, and it is made their duty to meet on the next day after adjournment of the last regular term of the court of county commissioners or session of the board of revenue held in each year and to select from the male residents of the county, over twenty-one and under sixty years of age, who are *householders* or *freeholders*, the names of all such persons, not exempt from jury duty, as, in their opinion, are fit and competent to discharge the duties of grand and petit jurors with honesty, impartiality and intelligence, etc.

The conflict between the two provisions here referred to is perfectly apparent. It is scarcely necessary to point out that on the two lists of qualified jurors required to be made, if both acts are in force, that upon one we would have only the names of *householders* and *freeholders* while upon the other, we would have the names of householders without reference to whether they are freeholders, and the names of *freeholders* who may not be *householders*.

There are other conflicting provisions between the two acts not necessary to be pointed out, since the one designated is sufficient to show that the latter act necessarily repeals the former.

There was no error in overruling the motion of defendant to exclude the testimony of witness Broadnax as to what he heard on the outside of his store on the night of the alleged murder. This witness had testified to having heard the accused and the deceased quarrelling on the outside of his store and also other noise at the same time and place. Manifestly the fact of a quarrel between the deceased and defendant was entirely competent. As the motion was general, going to the statement of the witness as a whole as to what he heard, the court committed no error in overruling it, even if the part, as to having heard other noise, was ob-

jectionable.—*Jenkins v. The State,* 82 Ala. 25; *Ray v. The State,* 126 Ala. 9.

On cross-examination of witness Richmond Powell, the defendant elicited from him a part of a conversation with one Haynes. On rebuttal, it was entirely competent for the State to show the entire conversation between witness and Haynes.—1 Mayfield's Dig., 329, § 337.

The statement of witness Goldsmith that defendant declined to consent to his taking away the shoes which he (defendant) was wearing for the purpose of comparison with certain tracks supposed to have been made by defendant should have been excluded. This testimony was clearly illegal upon the principle that the accused cannot be compelled to do or say anything that may tend to criminate him and his refusal to do so cannot be proved as a circumstance against him. *Cooper v. The State,* 86 Ala. 610; *Potter v. The State,* 92 Ala. 37; *Chastang v. The State,* 83 Ala. 29. Care should, however, be taken not to apply this principle so as to exclude the application of the well established doctrine, where a statement is made in the presence of a party accusing him of the commission of or complicity in a crime, his silence or failure to meet the accusation with a prompt and explicit denial may, under circumstances warrant the inference of his acquiescence in the truth of the charge. The principle first above declared is founded upon the protection guaranteed to him by the constitution that "he shall not be compelled to give evidence against himself" (Art. 1, § 7 of Const.); and to conserve the spirit and purpose of the guarantee the accused cannot directly or indirectly be compelled to do an affirmative act or to affirmatively say anything which may tend to criminate him. On the other hand, where a statement is made to him, or to another in his presence, affecting his guilt or innocence, his omission to controvert, qualify or explain it, will afford an inference of its truth, if so circumstanced that he can make the denial. This doctrine is founded upon a confession or an admission implied from conduct. To state the foundation for it more fully, it is, that a person knowing the truth or falsity of a statement af-

[Davis v. The State.]

fecting his rights, will naturally under circumstances calling for a reply deny it, if he is at liberty to do so and if he does not intend to admit it.—*Avery v. The State,* 124 Ala. 20; *Lawson & Swinney v. The State,* 20 Ala. 65; *Huggins v. The State,* 41 Ala. 393; *Jackson v. The State,* 54 Ala. 234; 6 Am. & Eng. Ency. Law (2d ed.), 524-5. Under this latter doctrine the accused neither does an act nor says anything tending to criminate himself by his denial, explanation or qualification. It is only his omission to exculpate himself, if he can do so by speaking, that warrants the inference that the statement made incriminating him is true. Applying this principle to the ruling of the court in denying the motion to exclude the statement of witness Goldsmith as to the conversation had with Washington and Jordan in the immediate presence of defendant, it is clear that there was no error. The defendant was shown to have been near enough to hear the conversation and it was not rendered inadmissible because the witness could not state positively that he did hear it. Whether he heard it or not was a question for the jury.

Charge 2 requested by defendant was bad.—*Littleton v. The State,* 128 Ala. 31.

Charge 3 refused to defendant should have been given, had it contained the word "have" after the word "jury" and before the word "not."—*Carroll v. The State,* 130 Ala. 99.

The foregoing are the only errors insisted upon in argument of defendant's counsel. We have, however, examined the other exceptions taken in the course of the trial and find no error in the rulings of the court upon them.

Reversed and remanded.