(101 So. 624)

### WELLS v. STATE.    (6 Div. 406.)

(Court of Appeals of Alabama. July 22, 1924. Rehearing Denied Aug. 19, 1924.)

1. **Criminal law** &#9758;586, 1151 — **Continuance within sound discretion of trial court, and not reviewable save for abuse.**

    Granting or refusal of continuance is within sound discretion of trial court, and unless discretion was abused, refusing motion will not be disturbed.

2. **Criminal law** &#9758;393(3)—**Error to compel defendant in burglary prosecution to stand up for inspection by witness.**

    Court erred in burglary and grand larceny prosecution in compelling defendant to stand up to enable witness to testify whether his size and build resembled those of man who did shooting on night of burglary, in view of Const. 1901, art. 1, § 6.

Appeal from Circuit Court, Jefferson County; John McKinley, Judge.

James Walter Wells was convicted of burglary and grand larceny, and he appeals. Reversed and remanded.

Certiorari denied by Supreme Court in Ex parte State, Wells v. State, 211 Ala. 616, 101 So. 626.

John W. Altman and J. K. Taylor, both of Birmingham, for appellant.

It was error to require the defendant, over his objection, to stand and be inspected by the witness for the state. Williams v.

State, 98 Ala. 52, 13 So. 333; Johnson v. State, 100 Ala. 55, 14 So. 627; Smith v. State, 137 Ala. 28, 34 So. 396; Banks v. State, 18 Ala. App. 376, 93 So. 293, 24 A. L. R. 1359; Carpenter v. State, 193 Ala. 51, 69 So. 531; Shields v. State, 104 Ala. 35, 16 So. 85, 53 Am. St. Rep. 17; Blackwell v. State, 67 Ga. 76, 44 Am. Rep. 717; State v. Garrett, 71 N. E. 85, 17 Am. Rep. 1; Stokes v. State, 5 Baxt. (Tenn.) 619, 30 Am. Rep. 72; Rice v. Rice, 47 N. J. Eq. 559, 21 A. 286, 11 L. R. A. 591; Emery's Case, 107 Mass. 172, 9 Am. Rep. 22; State v. Auchuey, 14 Nev. 79, 33 Am. Rep. 530; Aiken v. State, 16 Ga. App. 848, 86 S. E. 1076; State v. Thomas, 250 Mo. 189, 157 S. W. 330; Turman v. State, 50 Tex. Cr. R. 7, 95 S. W. 533; State v. Flynn, 36 N. H. 64; Spicer v. State, 69 Ala. 159; Gindrat v. State, 138 Ill. 103, 27 N. E. 1085; Comm. v. Dana, 2 Metc. (Mass.) 329; 16 A. & E. Ency. Law, 818; Const. Ala. 1901, art. 1, § 6; Chastang v. State, 83 Ala. 29, 3 So. 304; Potter v. State, 92 Ala. 37, 9 So. 402; Cooper v. State, 86 Ala. 610, 6 So. 110, 4 L. R. A. 766, 11 Am. St. Rep. 84; Davis v. State, 131 Ala. 10, 31 So. 569; Pate v. State, 150 Ala. 10, 43 So. 343; Kelly v. State, 160 Ala. 48, 49 So. 535.

Harwell G. Davis, Atty. Gen., O. B. Cornelius, Asst. Atty. Gen., and Jim Davis, Sol., of Birmingham, for the State.

Directing defendant to stand up for identification is not compelling him to be a witness for himself. 16 C. J. 568; People v. Goldenson, 76 Cal. 328, 19 P. 161; State v. Reasby, 100 Iowa, 231, 69 N. W. 451; State v. Ruck, 194 Mo. 416, 92 S. W. 706, 5 Ann. Cas. 976; People v. Gardiner, 144 N. Y. 119, 38 N. E. 1003, 28 L. R. A. 699, 43 Am. St. Rep. 741; State v. Ah Chuey, 14 Nev. 79, 33 Am. Rep. 530; 14 Cent. Dig. Cr. Law, Sec. 873; State v. Johnson, 67 N. C. 55; Thomas v. State, 19 Ala. App. 187, 96 So. 182; Rogers v. State, 180 Wis. 568, 193 N. W. 612.

FOSTER, J. The appellant (defendant in the court below) was convicted of burglary and grand larceny.

Motion was made by defendant for a continuance of the case specifying many grounds therefor.

[1] The granting or refusal of a motion for a continuance is within the sound discretion of the trial court, and where it does not appear that such discretion was abused, the trial court will not be put in error for refusing the motion. Sanderson v. State, 168 Ala. 109, 53 So. 109; Caldwell v. State, 203 Ala. 412, 84 So. 272.

[2] The trial court required the defendant, although not a witness in the case, to stand up in the presence of the jury to be inspected and identified by a state's witness on the stand. The following question propounded by the state to one Jackson, a witness for the state: "I will ask you to look at the defend-

ant there, and say if he was about the size and build of the man that did the shooting that night." The witness answered: "I could tell if he would stand up so that I could look at him." The judge, addressing the defendant, said: "Stand up Mr. Wells." Over the objection and exception of his attorney, the defendant was required to stand up before the witness in the presence of the jury. Section 6, article 1, of the Constitution of Alabama of 1901, provides that the accused may "testify, in all cases, in his own behalf, if he elects so to be heard by himself and counsel, or either," but that he may "not be compelled to give evidence against himself."

Upon examination of the decisions of other states, we find a diversity of opinion upon the construction placed upon similar constitutional provisions. In State v. Ah Chuey, 14 Nev. 79, 33 Am. Rep. 530, it was held that it was not compelling the defendant in a criminal case to be a witness against himself to require him against his objection to exhibit his arm to the jury so as to show certain tattoo marks thereon for the purpose of establishing his identity as the person who committed the crime. The Constitution of Nevada declares that no person shall be compelled, "in any criminal case, to be a witness against himself."

In Garvin v. State, 52 Miss. 207, it was held that one who is indicted as a colored person may be proved to be such by profert of his person before the jury without the testimony of witnesses, where they are satisfied from their inspection that he is colored.

In State v. Prudhomme, 25 La. Ann. 523, it was held that compelling a prisoner on trial for murder to take his feet from under a chair where he had put them to enable a witness who saw tracks of the murderer, to state how they corresponded with the prisoner's feet was not improper or a violation of the constitutional provision that a defendant in a criminal case may not be required to give evidence against himself.

The court in People v. Goldenson, 76 Cal. 328, 19 P. 161, held that an order of the trial court directing the defendant in a criminal action to stand up before the jury for identification by a witness, then giving testimony who had previously referred to him, in his testimony as "this young man," was held not to be improper and not to require the defendant to give evidence against himself within the meaning of the constitutional prohibition.

In State v. Graham, 74 N. C. 646, 21 Am. Rep. 493, it was held that an officer who had arrested a prisoner charged with a crime, had a right to take off the boots or shoes of a prisoner and compare them with tracks found at the scene of the crime, and where the prisoner upon being required to place his foot in one of such tracks, does so, the officer may properly testify, as to the result of the comparison thus made.

In State v. Garrett, 71 N. C. 85, 17 Am. Rep. 1, it was held that evidence as to the condition of defendant's hand upon a trial for murder was admissible, when, at a coroner's inquest upon the body of the person alleged to have been murdered, it was proven that the defendant, who was taken into custody upon suspicion, had said that the deceased was accidentally burned to death, and that she, the defendant, had burned her hand in trying to put the fire out, when she unwrapped and showed her hand upon the order of the coroner. See, also, State v. Nordstrom, 7 Wash. 506, 35 P. 382; Warlick v. White, 76 N. C. 175; Johnson v. Commonwealth, 115 Pa. 369, 9 A. 78.

In State v. Jacobs, 50 N. C. 259, which is one of the earliest and leading cases on this question, it was held that the court, upon the trial of a person indicted as a free negro for carrying arms, has no right to compel the defendant to exhibit himself against his consent to the jury for the purpose of enabling them to decide as to his status as a free negro under the statute, as it would be in effect compelling him to furnish evidence against himself.

In Blackwell v. State, 67 Ga. 76, 44 Am. Rep. 717, it was held to be error for the court, on a prosecution for murder, to require the prisoner to stand up before the jury and make profert of his person, so that a witness then testifying might be enabled by inspection to testify as to the character and extent of the amputation of his right leg, where there was evidence previously given of tracks at the scene of the murder apparently made by a left foot and the knee of the right leg, as the defendant was thus required to give evidence against himself.

In Aiken v. State, 16 Ga. App. 848, 86 S. E. 1076, it was held to be erroneous to admit testimony that the accused, while in the custody of the sheriff, under arrest made without a warrant, was carried by the sheriff to the house alleged to have been burglarized and there placed by the sheriff in a position at a window through which the house had been entered, and in which position an occupant of the house claimed to have seen the burglar, and that after the accused has been placed in this position, the occupant claimed to be able to identify him as the burglar, although she was unable to do so before he was placed in this position, and that the sheriff placed him there at her request, for the purpose of enabling her to identify him as the burglar. This conduct of the sheriff was held to be an invasion of the constitutional right of the accused not to be compelled to give evidence tending in any manner to criminate himself, and it was further held that an objection to the admission of this evidence, upon this ground, should have been sustained.

In the dissenting opinion in State v. Ah Chuey, 14 Nev. 79, 33 Am. Rep. 530, it was said that the intent of the constitutional provision was that the accused, if such should be his wish, should not only have the right to close his mouth, but that he might fold his arms as well. It is to be remembered that the Constitution of Nevada declares that no person shall be compelled in any criminal case, to be a witness against himself. See, also, People v. Mead, 50 Mich. 228, 15 N. W. 95; Emery's Case, 107 Mass. 181, 9 Am. Rep. 22; Rice v. Rice, 47 N. J. Eq. 559, 21 A. 286, 11 L. R. A. 591; Stokes v. State, 5 Baxt. (Tenn.) 619, 30 Am. Rep. 72.

From a review of the above cases, it will be observed that the diversity of opinion arises to some extent from the wording of the provision of the constitutions of the several states. For instance, the provision in the New York and Nevada Constitutions (Const. N. Y. art. 1, § 6; Const. Nev. art. 1, § 8) is: "No person in any criminal case shall be compelled to be a witness against himself." In Maryland, "No man ought to be compelled to give evidence against himself." Declaration of Rights, art. 22. In Rhode Island (Const. art. 1, § 13): "No man in a court of common law shall be compelled to give evidence criminating himself." In others, "Such person shall not be compelled to furnish or give evidence against himself;" "shall not be compelled to testify against himself," etc. Probably the intention of the different states in adopting these provisions was the same; and yet, technically, some give greater protection to a defendant than others, for there is no doubt that strictly speaking the provision "No person shall be compelled to testify against himself," affords less protection than the others above mentioned. However, there is a real diversity of opinion.

Although we find no case in Alabama in which the facts are precisely the same as in the instant case, there are several so closely analogous, that they show the attitude of our Supreme Court upon this question, and the construction placed upon Article 1, section 6 of the Constitution. In Williams v. State, 98 Ala. 52, 13 So. 333, the defendant took the stand in her own behalf, and the judge compelled her to come around before the jury in order that they might determine her age from her appearance. Judge Head, delivering the opinion of the court wrote:

"It is contended that this was a violation of the constitutional provision that the accused shall not be compelled to give evidence against himself. * * * It is very clear that if defendant had not voluntarily made herself a witness in the cause, as by the statute she was privileged to do, the action of the court would have been an invasion of the constitutional immunity above referred to."

In Davis v. State, 131 Ala. 10, 31 So. 569, the court says:

"The accused cannot be compelled to do, or say anything that may tend to criminate him and his refusal to do so cannot be proved as a

circumstance against him. * * * The principle first above declared is founded upon the protection guaranteed to him by the Constitution that 'he shall not be compelled to give evidence against himself,' * * * and to conserve the spirit and purpose of the guaranty the accused cannot * * * be compelled to do an affirmative act or to affirmatively say anything which may tend to criminate him."

We conclude from the pronouncements in the Williams Case, supra, and the Davis Case, supra, that it was error to compel the defendant to in effect place himself in evidence, and exhibit himself, which, connected with the testimony of a witness tended to prove him to be the man who did the shooting on the night of the burglary, and indirectly establish his guilt. See, also, Cooper v. State, 86 Ala. 610, 6 So. 110, 4 L. R. A. 766, 11 Am. St. Rep. 84; Potter v. State, 92 Ala. 37, 9 So. 402; Chastang v. State, 83 Ala. 29, 3 So. 304; Moss v. State, 40 So. 340; *Thomas v. State, 100 Ala. 53, 14 So. 621; Smith v. State, 137 Ala. 28, 34 So. 396; Banks v. State, 207 Ala. 179, 93 So. 293, 24 A. L. R. 1359; Carpenter v. State, 193 Ala. 51, 69 So. 531; Shields v. State, 104 Ala. 35, 16 So. 85, 53 Am. St. Rep. 17.

It will serve no useful purpose to discuss the numerous objections raised on the trial of the case as they will probably not arise in another trial.

For the error indicated the judgment of the circuit court is reversed, and the cause remanded.

Reversed and remanded.