183 So. 445

### ORR v. STATE.
### 8 Div. 860.

Supreme Court of Alabama.

June 16, 1938.

Rehearing Denied Oct. 6, 1938.

J. N. Powell, of Decatur, for appellant.

A. A. Carmichael, Atty. Gen., and Wm. H. Loeb, Asst. Atty. Gen., for the State.

ANDERSON, Chief Justice.

█ The motion to quash the indictment upon the grounds therein contained was not only without merit but was frivolous.

█ The plea purporting to set up former jeopardy does not appear in the record. It seems, however, from the judgment entry that the former jeopardy relied upon was the previous action of the trial court in ordering a mistrial at a previous hearing upon the motion of the defendant. The ordering of the mistrial, especially upon the motion of the defendant, upon the grounds set out, was permissible and was no bar to the further prosecution of the defendant. Andrews v. State, 174 Ala. 11, 56 So. 998, Ann.Cas.1914B, 760; Pope v. State, 228 Ala. 609, 155 So. 79.

We think a sufficient predicate was laid for the admission of the statement made by the decedent, White, to his son. He was in the hospital, was dangerously wounded and died from the result of the wound the next morning. He was in extremis and the remark he made to his son evidently meant that he expected to die and would not leave the hospital alive. Gilmer v. State, 181 Ala. 23, 61 So. 377; Oldham v. State, 26 Ala.App. 339, 161 So. 546.

█ There was no reversible error in permitting the witnesses to examine and identify the clothing exhibited to them. One of them claimed to have seen the defendant immediately after the shooting of White and the other had observed the defendant loafing around that afternoon and each of them had observed his wearing apparel, and the articles testified to by them were subsequently shown to have been found upon the defendant or in his home and possession the night of the shooting. Nor was there evidence of any force used to have him wear the cap and clothing when exhibited to the witness, Mrs. Sitta-son, at the jail. Moreover, if he was required by the officers to put on the cap or coat, one or both, when inspected by the witness it was not violative of any constitutional right. Crenshaw v. State, 225 Ala. 346, 142 So. 669.

██ There was sufficient evidence to show that the dogs that were put upon the trail at or near the spot of the shooting, and where the slayer was seen by one of the witnesses, had been so well trained and experienced in tracking human beings to lay a proper predicate for proof of their conduct in tracing the suspect and which evidence, as well as the probative force of same, was properly submitted to the jury for the purpose of locating and identifying the person who shot White. Little v. State, 145 Ala. 662, 39 So. 674; Moore v. State, 26 Ala.App. 607, 164 So. 761.

While we have not discussed every exception to the ruling on evidence, the same have been considered and were manifestly free from reversible error.

Nor is there any merit in the exceptions to the oral charge of the trial court.

█ The defendant's refused charges were either faulty or substantially covered by the oral charge.

█ The bill of exceptions does not present the essentials for a review of the action of the trial court in overruling the motion for a new trial. Stover v. State, 204 Ala. 311, 85 So. 393; Dukes v. State, 210 Ala. 442, 98 So. 368; Weems v. State, ante, p. 261, 182 So. 3, and cases cited.

The judgment of the circuit court is affirmed.

Affirmed.

All the Justices concur.