200 So. 418

## BURKS v. STATE

### 6 Div. 618.

Supreme Court of Alabama.

Jan. 23, 1941.

Rehearing Denied Feb. 27, 1941.

Jim & Wallace Gibson, of Birmingham, for appellant.

Thos. S. Lawson, Atty. Gen., and Wm. N. McQueen, Asst. Atty. Gen., for the State.

PER CURIAM.

Appellant was convicted of rape and sentenced to execution. The chief question disputed by the defendant was whether he was the guilty party—his identity as such.

We will treat the questions argued by counsel for him.

The witness for the State, Bryan, who was a city detective, testified that on the following Monday after the crime was committed on Saturday last preceding, that he found a footprint in a cornfield between the house and a ditch, and it was marked with a coca cola bottle and a stone; that he put his own shoe in the footprint, and it fit perfectly; that he had defendant arrested a second time after he had been arrested once and released. "I took him to the city jail and examined his feet. We had him pull off his right shoe. I pulled off my right shoe, and the shoe I had measured the track with and asked him to put my shoe on, he put my shoe on."

Objection was made to the materiality of this evidence, and that it called for a conclusion. There had been evidence as to the location of this track and that it was marked as indicated, and that when defendant was previously arrested and carried to this track with his shoes on, his shoes then did not correspond to the footprint thus marked. The court overruled this objection, and defendant excepted.

The witness was then asked "Did he have difficulty in getting the shoe on?" Objection was made because it called for a conclusion and immaterial evidence. The objection was overruled and the witness answered, "No, sir," and defendant excepted. There were other questions, answers, objections and ruling and exceptions of the same sort.

There was no objection made on the ground that the defendant was forced involuntarily to do an act whose effect was of an incriminating nature, though counsel argue that ground as the chief reason why it was error. But there was general objection, and we will treat the question as properly presented.

Reliance is had on the principle that "an accused person can not be compelled to do or say anything that would tend to criminate himself, and his refusal to do so can not be proved as a circumstance against him." Davis v. State, 131 Ala. 10, 31 So. 569. It was there held that when accused declined to consent for his shoes, which he was wearing, to be taken off for the purpose of comparing them with certain tracks, it was not proper evidence against him. The principle of law above stated is well supported, Cooper v. State, 86 Ala. 610, 6 So. 110, 4 L.R.A. 766, 11 Am. St.Rep. 84; Potter v. State, 92 Ala. 37, 9 So. 402; Wells v. State, 20 Ala.App. 240, 101 So. 624, certiorari denied 211 Ala. 616, 101 So. 626, although evidence illegally obtained is not always inadmissible on that account, Chastang v. State, 83 Ala. 29, 3

So. 304; Banks v. State, 207 Ala. 179, 93 So. 293, 24 A.L.R. 1359.

It has been held competent to show that accused had a cap put on without objection by him for the purpose of identification. Crenshaw v. State, 225 Ala. 346, 142 So. 669; Orr v. State, 236 Ala. 462, 183 So. 445; Canty v. State, 238 Ala. 384, 191 So. 260.

We are not called upon to declare a rule applicable where the shoe was put on his foot by force or against his will and over his protest. Wells v. State, supra; Banks v. State, 84 Ala. 430, 4 So. 382; 16 Corpus Juris 568, section 1101; 22 Corpus Juris Secundum, Criminal Law, pages 995 and 1000, §§ 650, 653; Daugherty v. State, 28 Ala.App. 453, 186 So. 780. This case does not present that situation.

The evidence about putting on defendant the shoe of the witness is not an inculpatory admission, requiring preliminary proof that he voluntarily consented, though sometimes such proof is necessary in respect to inculpatory admissions. McGehee v. State, 171 Ala. 19, 55 So. 159; Shelton v. State, 144 Ala. 106, 42 So. 30; Wilson v. State, 84 Ala. 426, 4 So. 383.

But admissions as to purely collateral matters which are in no sense confessionary of guilt are not within the scope of the rule, and the predicate as far as a confession is concerned need not be laid. McGehee v. State, supra, 171 Ala. page 22, 55 So. 159. This is purely a collateral matter.

But the fact that he put on the shoe is not an admission of an inculpatory nature. True, he could not be required to say or do anything having a tendency to incriminate him. But a predicate is not required under such circumstances as to a purely collateral matter.

The statement of the witness that the defendant's foot fit the shoe when he put it on was excluded by the court. The fact that his foot went in the shoe was of a physical fact open to observation, and was observed by him then and there looking at it, as we understand the evidence. It was in no sense the expression of the conclusion of the witness.

Counsel argue another point as to which there is no reservation of exception in the record. It relates to evidence of the dogs following the tracks to defendant's residence. This occurred the same morning. The dogs were bloodhounds and one of them had been trained and used by the witness two years. He testified that they trail human beings; that he had ten years' experience in handling bloodhounds. There was a sufficient prima facie predicate as to the training and experience of the dogs. Orr v. State, supra; Moore v. State, 26 Ala.App. 607, 164 So. 761; Loper v. State, 205 Ala. 216, 87 So. 92.

Not controverting the foregoing features of this opinion, a majority of the Court, consisting of GARDNER, C. J., BOULDIN, KNIGHT, and LIVINGSTON, JJ., are of the opinion that the evidence of the witness Bryan as herein outlined relating to his act of putting his own shoe in the track, that it fit the track, and that defendant's foot went into that shoe of the witness, was all irrelevant and probably prejudicial, and that the judgment should be reversed for not sustaining the objection on that ground. THOMAS, BROWN, and FOSTER, JJ., think that it should not be reversed on that account.

For that error the judgment is reversed, and the cause remanded.

Reversed and remanded.

GARDNER, C. J., and BOULDIN, KNIGHT, and LIVINGSTON, JJ., concur.

THOMAS, BROWN, and FOSTER, JJ., dissent.