24 So.2d 546

## SMITH v. STATE.

### 6 Div. 333.

Supreme Court of Alabama.

Jan. 24, 1946.

E. L. Dodson, of Tuscaloosa, for appellant.

Wm. N. McQueen, Atty. Gen., and Clarence M. Small, Asst. Atty. Gen., for the State.

FOSTER, Justice.

The defendant, a negro, was indicted, tried and convicted of committing rape on a white woman. He was arraigned on March 2, 1945, when he was personally present and represented by counsel appointed by the court. His trial was set for March 12, 1945, and the required order made as to a special venire and service of it and a copy of the indictment on the defendant. All this was done as shown by the record. On March 12, 1945, the record shows:

"Before the selection of the jury to try this case, the defendant by and through his attorney, E. L. Dodson, appointed by the court to appear and represent the defendant on this trial, made and filed in open court the following motion: The defendant moves the court for a continuance of the trial of this case from the present week to some later date to be regularly set for trial by the court and for grounds of said motion sets down and assigns the following separate and several grounds, to-wit: That at the hour of nine o'clock A. M. on this the 12th day of March, 1945, being the day and hour set for the trial, the entrance into the courtroom was guarded by armed State Highway patrolmen who interrogated each person entering the courtroom, including the jurymen summoned for the trial of this cause as to whether or not such persons were armed. That on the inside of the courtroom, at strategic points, some twelve armed Alabama State Highway patrolmen were stationed, said State Highway patrolmen being dressed in the usual and awe-inspiring uniform with pistols in view and available, all of which creates, has created, and will continue to create throughout the trial a highly prejudicial atmosphere against the defendant and making a fair and impartial trial impossible, and the defendant now moves the court for a continuance of this cause to a later date because of the creation of a highly prejudicial atmosphere of this cause by the presence of fifteen Alabama State Highway patrolmen visibly armed and stationed outside and inside of the courtroom, there otherwise appearing no reason or cause for such extraordinary precaution on the part of the court.

"And the defendant duly and legally reserves an exception to the ruling of the court in refusing to grant a continuance of the trial of this cause."

It was shown that those summoned for jury service were not searched and were not present when others were searched for arms.

The court overruled the motion, and defendant excepted.

This conduct in searching spectators does not violate the constitutional right to a public trial, section 6, Const., nor show a situation prejudicial to the fair and orderly trial of defendant. People v. Mangiapane, 219 Mich. 62, 188 N.W. 401; Makley v. State, 49 Ohio App. 359, 197 N. E. 339; Pierpont v. State, 49 Ohio App. 77, 195 N.E. 264.

It is not objectionable that accused be surrounded by an armed guard, when deemed necessary, in the absence of misconduct. Patton v. State, 246 Ala. 639, 21 So.2d 844; State v. McKeever, 339 Mo. 1066, 101 S.W.2d 22; Sheppard v. State, 167 Ga. 326, 145 S.E. 654. There was no evidence of a mob threat, or undue local excitement as discussed in Clayton v. State, 244 Ala. 10, 13 So.2d 420; Collins v. State, 234 Ala. 197, 174 So. 296.

The record also shows:

"That at 2:00 P. M. on March 13, 1945, after noon recess, and the jury had oc-

cupied their seats in the jury box, and defendant in this cause was led into the courtroom by two or more highway patrolmen visibly armed, and the defendant was handcuffed and escorted to his seat in the presence and plain view of the jury, and every member of the jury, and the handcuffs removed from him in the view and presence of the jury trying this cause.

"Court: All right, is that all?

"Mr. Dodson: That is all.

"Court: Well, I will overrule the motion for a mistrial, and you except?

"Mr. Dodson: Yes, sir, we except to the court's ruling."

■ A sheriff who is charged with the responsibility of safely keeping accused has the right in his discretion to handcuff him when he is bringing him to and from the court, when it is removed immediately after he is taken into the courtroom. Marion v. Commonwealth, 269 Ky. 729, 108 S.W.2d 721; Bradbury v. State, 51 Okl.Cr. 56, 299 P. 510; State v. Hanrahan, 49 S.D. 434, 207 N.W. 224; South v. State, 111 Neb. 383, 196 N.W. 684.

■ There is a marked distinction between handcuffing a prisoner in carrying him to and from the court trying him and then immediately removing it and in keeping him in shackles or in handcuffs while being tried. This should not be done unless the situation creates a reasonable belief that such restraint is necessary to prevent his escape, or his rescue. Faire v. State, 58 Ala. 74.

■ No reversible error appears in any of those rulings.

When deputy sheriff Leon Chism was testifying for the State, the following occurred:

"Now, at that time did you or anyone else in the defendant's hearing or presence make any threats against him or hold out any hope of reward or inducement or make any promise to him to get him to make a statement?

"Mr. Dodson: We object to the question on the ground it calls for 1. Illegal, incompetent, irrelevant and immaterial testimony. 2. It clearly appears the witness is under duress.

"Court: Overruled.

"Mr. Dodson: Except.

"A. Well, he stated—I asked him if he thought that we didn't know that he was guilty of this crime he was charged with, and he didn't say anything, and I told him, I says, 'God knows you did it, don't you?', and he says 'Yes, sir, he sure do,' and I told him then, I says, 'Johnny B., the best thing that you can do to get this thing straightened out is to get down on your knees and tell God about it and get it straightened up,' and he says, 'I have already prayed twice.' I says, 'Well, what did you say to the Lord?' He says, 'I told the Lord that if He would get me out of this trouble this time that I would never do it any more.'

"Mr. Dodson: I make a motion to exclude that entire answer on the grounds assigned as objections to the question, separately and severally, and on the following additional grounds:

"2. The quoted words constitute a veiled effort to confess guilt.

"3. No proper predicate has been laid.

"4. The witness is not qualified."

■ If a confession is made in response to a promise of collateral benefit, with no assurance of benefit to the defendant in respect to the crime under inquiry, such promise will not suffice to show that the confession was not voluntary when it otherwise appears to be voluntary. McCullars v. State, 208 Ala. 182, 92 So. 55; Curry v. State, 203 Ala. 239, 82 So. 489; Hunt v. State, 135 Ala. 1, 33 So. 329; Huffman v. State, 130 Ala. 89, 30 So. 394.

■ There was no error in the ruling above stated and shown by the record, though the statement be considered as in the nature of a confession.

■ Objection was also made to the introduction of two pieces of wood which Mr. Chism, the deputy sheriff, carved out of the floor of the room where the crime is alleged to have been committed, and of the testimony of Mr. Brooks, an expert toxicologist employed by the State, with office in Birmingham. We think the pieces of wood were sufficiently identified, and that the evidence of Mr. Brooks as to a result of his examination of the spot on them was all legal in every respect. It was material, and the objection was properly overruled. A detailed discussion is not necessary.

■ The same legal status exists as to the evidence identifying the clothes alleged.

to have been worn by defendant and by the alleged victim; and the circumstances which those clothes made manifest. Such identification may be corroborated by circumstantial evidence. That they looked like the clothes the parties had on at the time was sufficient with the corroborating circumstances.

 On several occasions during the examination of witnesses, the defendant being in court, and to enable the witnesses, respectively, to see him better for the purpose of identification, he was told by the solicitor to stand up. There was objection made, overruled and exception noted. He obeyed such request or demand of the solicitor. Did this violate his constitutional right not to be compelled to give evidence against himself? Section 6, Constitution. Although there is much contrariety of opinion on the subject, (14 Amer.Jur. 875, section 15; 22 Corpus Juris Secundum, Criminal Law, § 652, p. 999; 16 Corpus Juris 568), this Court, in denying certiorari in Wells v. State, 211 Ala. 616, 101 So. 626; Id., 20 Ala.App. 240, 101 So. 624, has approved the strong stand taken by the Court of Appeals in holding that there was error in such a ruling by the court on account of section 6, Constitution. See, also, Cooper v. State, 86 Ala. 610, 6 So. 110, 4 L.R.A. 766, 11 Am.St.Rep. 84; Davis v. State, 131 Ala. 10, 31 So. 569; Potter v. State, 92 Ala. 37, 9 So. 402; Burks v. State, 240 Ala. 587, 589, 200 So. 418, 419: "It has been held competent to show that accused had a cap put on without objection by him for the purpose of identification. Crenshaw v. State, 225 Ala. 346, 142 So. 669; Orr v. State, 236 Ala. 462, 183 So. 445; Canty v. State, 238 Ala. 384, 191 So. 260." It has also been held that if defendant had previously introduced himself as a witness, such a requirement could be made without violating his constitutional rights. Williams v. State, 98 Ala. 52, 13 So. 333. After he has done so, he then may be cross-examined and compelled to do what would be material and competent of any other witness. Thomas v. State, 100 Ala. 53, 14 So. 621; Smith v. State, 137 Ala. 22, 34 So. 396.

In the case of Sims v. State, 23 Ala. App. 387, 126 So. 498, 499, the defendant, over objection, was compelled to stand up. Thereupon the State's counsel said: "We don't insist, we are willing for it to go out." The court thereupon instructed the jury "that is not any evidence here at all. That is all excluded." The defendant later took the witness stand. Duly considering the Wells case, supra, the Court of Appeals held that if such withdrawal of the matter and ruling of the court excluding it were insufficient, such error was cured, in that the accused afterward voluntarily took the stand and became a witness. There was a petition to this Court for certiorari to review that ruling, but petitioner dismissed his petition, and it was not reviewed. Sims v. State, 221 Ala. 699, 127 So. 915.

The question therefore is now first presented to this Court to decide whether the subsequent voluntary act of defendant in becoming a witness cures the error. But that is affected by the question of whether the act of defendant in taking the stand may have been induced by the illegal act in compelling him to stand for examination. This Court has jealously preserved to accused the benefits of section 6, Constitution, so as even to prevent counsel from commenting on his appearance when he has not introduced himself as a witness, or his identity is not in issue. Bestor v. State, 209 Ala. 693, 96 So. 899.

While his identity is here in question, and it would be consistent with other authorities to hold that he could be required to stand in court for the observation of a witness (Holt v. United States, 218 U.S. 245, 31 S.Ct. 2, 54 L.Ed. 1021, 20 Ann.Cas. 1138) as to his identity, that question is foreclosed in Alabama by the Wells case, supra. With that legal status before defendant's counsel, it was up to him to decide whether he should put defendant on the stand as a witness. The defendant became his only witness. The record shows that in doing so, counsel cautioned him that he had a right to decide whether he should testify, and with that in view he elected to testify and did so. But he probably did not understand what that election may have meant in this regard, if anything. His counsel had the benefit of the cases cited above to guide him; also a line of cases holding that after objection to illegal evidence is overruled, the party so objecting does not lose the benefit of it by cross-examination (Scarborough v. Blackman, 108 Ala. 656, 18 So. 735), or by subsequently introducing evidence to disprove the matters thus illegally admitted. Lester v. Gay, 217 Ala. 585 [4], 117 So. 211, 59

A.L.R. 1561; 53 Amer.Jur. 129, section 144; 64 Corpus Juris 1292, § 1175.

Section 10 of the Act to provide for automatic appeals, approved June 24, 1943, General Acts 1943, page 217, Code 1940, Tit. 15, § 382(10), provides that on such appeal this Court "may consider, at its discretion, any testimony that was seriously prejudicial to the rights of the appellant, and may reverse thereon even though no lawful objection or exception was made thereto."

But without regard to that statute, we think that when an accused is illegally required in court to stand up for inspection of his person, and this is against his will and over his objection, when he has not previously submitted himself as a witness, the fact that he later takes the stand voluntarily as a witness, denying all connection with the crime, and thereby submits himself to inspection, is not a waiver of the wrong previously done him, when he has made due objection and excepted to the ruling of. the court. His introduction of himself as a witness later should be treated as being induced by the illegal ruling and to refute it, and not an approval or waiver of it. Especially so under the automatic appeal act. There was nothing in his testimony which made such error innocuous. He denied that it was he who committed the crime, or that he was present or knew anything about it of his own knowledge. We do not pass on a situation where in such testimony he admits his identity as being the one who participated in the act, though he may deny that his act was a crime. The judgment of conviction must be reversed on account of that ruling.

We also call attention to an objection made to a feature of the solicitor's argument calling upon the jurors to consider whether they would rather for their wives and sisters "to be ravished by a brute as she was ravished than to have her life snuffed away." We think this may have had a tendency unduly to arouse the passion and prejudice of the jury in such a case. Whether the argument ought to be excluded should be dependent upon all the circumstances of the trial. The question primarily rests largely in the sound discretion of the trial court. Beaird v. State, 219 Ala. 46 (7), 121 So. 38.

We need not here undertake to review the ruling of the court since it is unnecessary in view of the result reached, and it ought not to occur on another trial of the case. See, Little v. State, 18 Ala.App. 98, 99, 89 So. 303.

Reversed and remanded.

All the Justices concur.