# Henderson *v.* The State.

*Indictment for Forgery.*

1. *Forgery; admissibility of evidence as to handwriting of defendant.* On a trial under an indictment for forgery. alleged to have been committed several years prior to the trial, where the State has introduced evidence tending to show that the instrument alleged to have been forged was in the handwriting of the defendant, a witness who testified that he knew the handwriting of the defendant at the time the forgery is alleged to have been committed, but could not say that he knew the handwriting at the time of the trial, is competent to testify as to whether or not the alleged forged instrument was written by the defendant.

2. *Same; confessions; statements made before forged instrument uttered admissible without being shown to have been voluntary.*—On a trial under an indictment for forgery a statement made by the defendant about the instrument alleged to have been forged, before he presented it or tried to utter it, is not such a confession as is required by law to be shown to have been voluntarily

[Henderson v. The State.]

made before being admissible; and if otherwise unobjectionable, it is not error to allow such statement to be admitted in evidence, without showing that it was made voluntarily.

3. *Same; evidence.*—On a trial under an indictment which charges the defendant with forgery of an order, which being addressed to a certain named person, read "Please pay the boy five dollars," the order alleged to have been forged is admissible in evidence, and an objection to its introduction in evidence, on the ground that it is too indefinite as to the payee, is without merit.

4. *Charge to the jury; reasonable doubt; sufficiency of evidence* —Charges to the jury which instructs them that a reasonable doubt may arise even when there is no probability of defendant's innocence, and if the jury have not an abiding conviction to a moral certainty of his guilt, it is the duty of the jury to find the defendant not guilty; or, that unless the guilt of the defendant follows as the only conclusion of reason from the whole evidence, he must be acquitted; or that if there is any one material fact inconsistent with the guilt of the defendant, he must be acquitted, are involved and calculated to mislead the jury, and for this reason are properly refused.

5. *Same; same.*—In a criminal case, a charge which instructs the jury that "If there is a probability of defendant's innocence, the jury must acquit the defendant," asserts a correct proposition of law and should be given at the request of the defendant; a probability of innocence being the equivalent of a reasonable doubt, the entertainment of which by the jury requires the defendant's acquittal.

APPEAL from the Circuit Court of Henry.

Tried before the Hon. W. L. PARKS, Special Judge.

The appellant was indicted, tried and convicted of forgery, and sentenced to the penitentiary for five years. The instrument alleged to have been forged is copied in the opinion.

During the examination of one Aaron Holmes, a witness for the State, and after he had testified that on the night before the defendant delivered the forged instrument, the latter came to his house and the witness and his brother and the defendant went to town together the next day when the defendant is shown to have uttered the forged instrument, he was asked the following question by the solicitor for the State: "What did the defendant say to you, the night he came to your house before coming to town next day, about an order for some goods or for trade for five dollars?" The defendant ob-

jected to this question, upon the ground that it called for a confession and a proper predicate had not been laid. The court overruled the defendant's objection, allowed the question to be answered, and to this ruling the defendant duly excepted. The witness answered that the defendant told him he had an order for five dollars on Mr. Beach, and would go to town next day and trade it out. The defendant moved to exclude this answer from the jury upon the ground that it was a confession and no proper predicate had been laid. This motion the court overruled, and to this ruling the defendant duly excepted. Upon the State offering to introduce in evidence the order alleged to have been forged, the defendant objected to its introduction upon the ground that the person to whom it was made payable was too indefinite and uncertain. The court overruled this objection, allowed the order to be introduced in evidence, and to this ruling the defendant duly excepted. The other facts are sufficiently stated in the opinion.

Upon the introduction of all the evidence, the defendant requested the court to give to the jury the following written charges, and separately excepted to the court's refusal to give each of them as asked : (1.) "The court charges the jury, that if the jury are not satisfied beyond all reasonable doubt, to a moral certainty and to the exclusion of every reasonable hypothesis but that of defendant's guilt, they should find the defendant not guilty, and it is not necessary to raise a reasonable doubt, that the jury should find from all the evidence a probability of defendant's innocence in the testimony, but such a doubt may arise even when there is no probability of defendant's innocence in the testimony, and if the jury have not an abiding conviction to a moral certainty of his guilt it is the duty of the jury to find the defendant not guilty." (2.) "The court charges you that not only must the guilt of the defendant follow as the only conclusion of reason from the whole evidence before a conviction may be had, but in addition to that if a reasonable doubt follows or grows out of all the evidence, the defendant must be acquitted." (3.) "To warrant a conviction the defendant must be proven

[Henderson v. The State.]

guilty so clearly and conclusively that there is no reasonable theory on which he can be innocent, when all the evidence is considered together. And if there is any one material fact, which is proved to the satisfaction of the jury by a preponderance of the evidence, which is inconsistent with the guilt of the defendant, this is sufficient to raise a reasonable doubt." (4.) "The court charges the jury that even after the evidence has removed all probability of the defendant's innocence, the law says that then they may entertain a reasonable doubt of defendant's guilt. And if such doubt is entertained, it is the jury's duty to acquit the defendant." (5.) "If there is a probability of defendant's innocence, the jury must acquit the defendant." (6.) "If the jury believe the evidence, they will find the defendant not guilty."

W. L. LEE, for appellant.—The statement made by the defendant to the witness Holmes, prior to the utterance of the instrument alleged to have been forged, was not admissible in evidence. It was not shown to have been voluntarily made.—*Bonner v. State*, 55 Ala. 246; *Kelly v. State*, 72 Ala. 244; *DeArman v. State*, 71 Ala. 351; *Amos v. State*, 73 Ala. 498; *Beckham v. State*, 100 Ala. 15.

The witness Godfrey should have been allowed to testify whether or not the instrument alleged to have been forged was in the defendant's handwriting. It was shown by his testimony that he was familiar with the handwriting of the defendant at the time of the alleged forgery.—*State v. Allen*, 1 Hawks (N. C.) 6; *State v. Givens*, 5 Ala. 754; *Hopper v. Ashley*, 15 Ala. 465; *Moon v. Crowder*, 72 Ala. 88; *Griffin v. State*, 90 Ala. 596; *Nelms v. State*, 91 Ala. 97; Roscoe's Crim. Ev. (7th ed.) 143.

The court erred in refusing to give the several charges requested by the defendant.—*Cohen v. State*, 50 Ala. 108; *Bain v. State*, 74 Ala. 38; *Williams v. State*, 98 Ala. 22; *Prince v. State*, 100 Ala. 144.

CHAS. G. BROWN, Attorney-General, for the State.

[Henderson v. The State.]

DOWDELL, J.—The defendant was tried and convicted in the circuit court of Henry county under an indictment for forgery. The instrument alleged to have been forged, as set out in the indictment, is as follows: "June 25th, 1895. Mr. Judge Beach. Please pay the boy five dollars $5 dollars, oblige me. R. F. Tharpe, June 25, 1895."

The State offered evidence tending to show that defendant uttered the instrument in June, 1895, and that the same was a forgery, and also proved by one, Aaron Holmes, that he, witness, knew the handwriting of the defendant, and that the order or instrument alleged to have been forged, and which had been offered in evidence, was in the handwriting of the defendant.

There was evidence by the defendant denying the forgery and also the uttering of the forged instrument. One, E. J. Godfrey, was sworn and examined as a witness on behalf of the defendant. This witness testified that he "knew the defendant, knew defendant's handwriting in June, 1895, or the year 1895," "and saw same frequently;" and further testifying the witness said: "I have seen defendant's handwriting, and knew the same in the year 1895, but can not say that I know the same now as his handwriting might have improved. Would not say I know his handwriting now." The defendant then asked this witness if the instrument or order introduced in evidence by the State was in the defendant's handwriting, and on the State's objection, the court refused to permit the witness to answer the question, to which ruling the defendant excepted. It is evident from the statement of this witness that he meant that he knew and was familiar with the handwriting of the defendant as he wrote in the year 1895, but could not say that he would know the defendant's handwriting, such as he might write now, that is at the time of the trial, as witness explains that defendant may have "improved" in his handwriting since 1895. The pertinent inquiry was a knowledge of and familiarity with the handwriting of defendant in 1895, that being the time the alleged forged paper was said and purported to have been written. The State having offered evidence to prove that the paper was in the handwriting of the de-

[Henderson v. The State.]

fendant, it was clearly the right of the defendant to introduce evidence in rebuttal of this, notwithstanding he might have been convicted under the indictment for uttering the paper, though he did not forge it. The court was in error in not allowing the witness to answer the question.

There is nothing in the exception to the admission of testimony of the witness Aaron Holmes, as to what counsel contends was a confession by the defendant and not shown to have been voluntary. What the defendant said to the witness about the order, was before he, defendant, ever presented the same, and only stated that he had an order for five dollars and would go to town next day and trade it out. This was not a confession such as is required by law to be shown to have been voluntarily made before being admissible—there was no charge at the time against the defendant for any crime or offense, and nothing that would raise the presumption of duress or compulsion.

The objection to the introduction of the order on the ground that it was too indefinite as to the payee, was without merit. It was no more indefinite than if it had been payable to *bearer*.

The first, second, third and fourth charges are more or less involved and calculated to confuse and mislead, and were properly refused.

The 5th charge requested by the defendant should have been given. An instruction to the jury in the precise language of this charge has been several times decided by this court to be proper.—*Prince v. State*, 100 Ala. 145; *Bones v. State*, 117 Ala. 138. See also *Bain v. State*, 74 Ala. 38; *Croft v. State*, 95 Ala. 3; *Whitaker v. State*, 106 Ala. 30.

The 6th charge is the general charge, and this we need not discuss, as the bill of exceptions does not purport to set out all of the evidence had on the trial.

For the errors pointed out, the judgment of the circuit court is reversed and the cause remanded. The defendant will remain in custody until discharged by due course of law.