# Henderson *v.* The State.

## *Robbery.*

(Decided June 15, 1911. 55 South. 816.)

1. *Robbery; Elements.*—To establish the crime of robbery there must be a feloneous intent, force or putting in fear, as a means of effectuating the intent, and a taking or carrying away of the property of another from his person or from his presence, by such means.

2. *Same; Indictment.*—An indictment for robbery which alleges the taking of personal property "from the wagon" of another, but did not charge a taking of such property from the person, or the taking of property under his then personal present protection, was fatally defective.

[Henderson v. The State.]

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOS. W. WERT.

Rufus Henderson was convicted of robbery, and he appeals. Reversed and remanded.

W. T. LOWE, for appellant. An objection fatal on demurrer to an indictment will prevail on a motion in arrest of judgment.—*Benjamin v. State,* 121 Ala. 26; *Francois v. State,* 20 Ala. 83; *Foster v. State,* 39 Ala. 229; *Brazier v. State,* 44 Ala. 387. The indictment was fatally defective.—*Hill v. State,* 145 Ala. 58; *Martin v. State,* 29 Ala. 30; *Thomas v. State,* 91 Ala. 34.

ROBERT C. BRICKELL, Attorney General, and W. L. MARTIN, Assistant Attorney General, for the State.

McCLELLAN, J.—Conviction of robbery.

This court, in *Thomas' Case,* 91 Ala. 34, 36, 9 South. 81, said, in the exhaustive consideration of the elements and nature of this crime: "The offense is against both the person and against the property. * * * The three essential elements of the offense are: (a) Felonious intent; (b) force, or putting in fear, as a means of effectuating the intent; (c) and, by that means, a taking and carrying away of the property of another from his person or in his presence" (lettering supplied). Its doctrine has been since approved in these decisions: *Morris' Case,* 97 Ala. 82, 12 South. 276; *Higgs' Case,* 113 Ala. 36, 21 South. 353; *Brown's Case,* 120 Ala. 342, 25 South. 182; *Hill's Case,* 145 Ala. 58, 40 South. 654.

The indictment here questioned (omitting formal parts) reads: "The grand jury of said county charges that before the finding of this indictment Rufus Henderson and Kirk McKinney feloniously took a lot of

[Henderson v. The State.]

floμr, garden seed, cheese, crackers, and a jar of black-berries, of the value of one dollar, the personal prop-erty of J. R. Teague, from his wagon and against his will, by violence to his person or by putting him in such fear as unwillingly to part with the same, against the peace and dignity of the state of Alabama."

The indictment is materially, in matter of substance, defective, in that it omits to aver, in any form or man-ner, that the taking—feloniously and under the influ-ence of force or fear—of the property was from the *person* of Teague. The offense of robbery, in vital ele-ment, being against the person, as well as the property, it is imperative that the indictment either pursue the Code form wherein the term "person" is employed, or else that the averments particularly describe such a *taking* as, in legal effect, amounts to a *taking* from the *person,* viz., in the presence of the party offended against, and who then had the property "under his di-rect, physical, personal control"—a taking not neces-sarily from actual contact of the body, but from under his personal protection.—*Thomas' Case, supra;* 2 Bish. Cr. Law, §§ 1177, 1178.

The averment is that the property was taken "from his wagon." This allegation signifies the *place* from which the goods were taken, but does not, in any sense, refer the act to the *person,* as that is understood in le-gal parlance, when robbery is the crime intended to be charged.

The indictment would not sustain a judgment of con-viction of robbery. The motion in arrest was, hence, erroneously overruled.

Reversed and remanded.

SIMPSON, ANDERSON, and MAYFIELD, JJ., concur.