(92 South. 30)

## HOOD v. STATE. (7 Div. 661.)

(Court of Appeals of Alabama. June 21, 1921. Rehearing Denied Oct. 4, 1921.)

**1. Criminal law ⊗⟹823(12)—Instruction as to testimony of witness of bad character held proper in view of other instruction.**

An oral charge concerning a woman of bad character, "So her testimony goes to you like the testimony of any other witness," was entirely correct, where the court in its charge just preceding fully explained the limitations to be considered by the jury in weighing her testimony.

**2. Criminal law ⊗⟹814(5)—Instruction as to ownership of money taken held properly refused where no evidence relating thereto.**

In a prosecution for robbery, where there was no evidence tending to prove that the prosecutor was not rightfully in possession of the money taken, the court did not err in refusing to instruct that if the money taken was not the property of the prosecutor, and he was not lawfully in possession of it at the time it was removed from his person, no conviction could be had.

**3. Criminal law ⊗⟹815(4)—Instruction properly refused as elliptical.**

In prosecution for robbery, a requested instruction, that if the money was taken from the person by the woman at a time when the prosecutor was not put in fear, and without violence, the jury cannot convict the defendant of robbery, *held* properly refused as elliptical.

**4. Criminal law ⊗⟹829(12)—Covered charges properly refused.**

The court did not err in refusing to give charges that, in order to convict, there must be no other reasonable conclusion to be reached but that of guilt, where it was amply covered by given charges.

**5. Robbery ⊗⟹6—Violence is not necessary.**

In order to constitute robbery, violence is not necessary, and hence a charge which predicates a conviction on an act of violence is erroneous.

**6. Robbery ⊗⟹27(6)—Instruction concerning knowledge of defendant that money was to be taken held properly refused.**

In a prosecution for robbery, the question was, did the defendant by force or by putting prosecutor in fear take, or aid in taking, the money from his person, and the court did not err in refusing to instruct: "Did H. (defendant) know the money was to be taken before it was taken? If the jury cannot answer this question, each one of them, in the affirmative, after they have considered all the evidence, they cannot convict the defendant of robbery, or an assault with intent to rob."

⊗⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

**7. Robbery ⊙═15—One aiding and abetting in the taking of money guilty of robbery.**

Where several persons participate in a robbery, it is immaterial which one of them takes the money.

**8. Criminal law ⊙═742(1)—Credibility of witnesses for jury.**

The credibility of the witness is a matter for the jury.

**On Rehearing.**

**9. Witnesses ⊙═277(2)—Cross-examination of defendant held proper.**

In a prosecution for robbery, where defendant testified that prosecutor and a woman were in a car with him, and that prosecutor had the car stopped and went into the woods with the woman and remained hid, and then came back, and prosecutor charged the woman with having taken his money and threatened to shoot her, it was within the range of legitimate cross-examination for the solicitor to ask, "That good looking woman go out into the bushes and you didn't go out and have intercourse with her?" the solicitor having elicited the fact that defendant knew what kind of a woman she was.

**10. Witnesses ⊙═268(1)—Great latitude allowed on cross-examination.**

On cross-examination great latitude is allowed.

**11. Witnesses ⊙═268(4, 16)—Cross-examination of defendant's witness as to time of and reason for being in jail held proper.**

In a robbery case, where it was claimed that defendant and a woman, and others, were participants, and one of defendant's witnesses had testified that he was in jail with defendant and others and saw the woman, who was in the party and now a state's witness, strip naked and stand so that she might be seen by the other inmates, why and when he was in jail was a pertinent inquiry on cross-examination.

**12. Witnesses ⊙═240(4)—Exclusion of leading question held without error.**

Where one was being examined as a witness for defendant charged with robbery, and was asked the question, "State if at any time over there G. T. took that man's pocketbook and put it in the tool box in your car," and answered, "No, sir," and the sustaining of an objection because it was leading, was without error.

Appeal from Circuit Court, Etowah County; O. A. Steele, Judge.

Fred Hood was convicted of robbery, and appeals. Affirmed.

The following charges were refused the defendant:

(1) If the money taken was not the property of the prosecutor, and he was not lawfully in possession of it at the time it was removed from his person, you cannot convict the defendant of robbery, or assault with intent to rob.

(3) If the money was taken from the person of the defendant by the woman at a time when the prosecutor was not put in fear and with-out violence, the jury cannot convict the defendant of robbery.

(4) In order to convict the defendant, there must be no other reasonable conclusion to be reached but that of guilt.

(17) Did Hood know the money was to be taken, before it was taken? If the jury cannot answer this question, each one of them, in the affirmative, after they have considered all the evidence, they cannot convict the defendant of robbery, or of an assault with intent to rob.

(23) If the jury have a reasonable doubt growing out of the evidence whether Lilly Whitmore took the money from the person of the prosecutor, you should acquit the defendant of robbery.

(20) Before the jury can convict the defendant of robbery, they must be satisfied to a moral certainty, and beyond all reasonable doubt, that the defendant took the money from the person of the prosecutor himself, or that it was agreed between the defendant and the woman that she should take the money from the person of the prosecutor, before she took it, and if, after considering all the evidence in the case, the jury cannot say to a moral certainty, and beyond all reasonable doubt, who it was that took the money from the prosecutor, or whether it was an agreement with the defendant beforehand that the woman should take it, the jury should acquit the defendant of robbery.

E. O. McCord & Sons, of Gadsden, for appellant.

Counsel discuss the various assignments of error, but without citation of authority.

Harwell G. Davis, Atty. Gen., for the State.

Brief of counsel did not reach the Reporter.

SAMFORD, J. The theory of the state on the trial was that the defendant, two other men, and a woman, under a pretext of carrying the party alleged to have been robbed to his home, got him into an automobile, took him to an isolated part of a small park near Gadsden, got up a fake fight between two of the parties, and during the disturbance forcibly and against his will took from the prosecutor's person $125.

The contention of the defense was that all parties were drinking, and that, when they came to the park, the prosecutor had the car stopped, and he and the woman went into the bushes alone, and that while there in the act of intercourse the woman lifted the prosecutor's purse containing the money, and that defendant and the others knew nothing about it.

There was evidence tending to prove both contentions, making the case one for the jury.

There are many exceptions reserved to the introduction of evidence, and which have been submitted to us in brief, without citation of authority. We have examined them all, and none of them present any new or

novel propositions of law necessitating particular discussion. We have examined each exception, and in the court's rulings we find no reversible error. There was some testimony immaterial to the issues being tried, but in each instance the ruling of the court was not prejudicial error.

[1] Exception is taken to this excerpt from the court's oral charge: "So her testimony goes to you like the testimony of any other witness." This reference was to the testimony of the woman, who had been arrested originally for the crime and afterwards used as a witness for the state. She was shown to have been a woman whose character for chastity was bad, and other facts indicated a depravity unusual, even for a woman of her type; but the court in its charge, just preceding the sentence excepted to, had fully explained the limitations to be considered by the jury in weighing her testimony, and therefore the foregoing excerpt was entirely correct.

[2] Charge 1 was abstract. There was no evidence in the case tending to prove that Somerville, the prosecutor, was not rightfully in possession of the money taken.

[3] Charge 3 was elliptical.

[4] Charge 4 was amply covered by other given charges.

[5] In order to constitute robbery, violence is not necessary, and hence a charge which predicates a conviction on an act of violence is erroneous, and its refusal is proper. Henderson v. State, 172 Ala. 415, 55 South. 816.

[6] Charge 17 was properly refused. The question was: Did the defendant by force or by putting Somerville in fear take, or aid in taking, the money from his person? Defendant might not have known that prosecutor had any money before he actually took it.

[7] Charge 20 is bad. One of the other parties present may have actually taken the money, and still the defendant be guilty if he aided or abetted the crime.

Charge 23 is covered in the given charges and in the oral charge of the court.

We have noted the concluding plea of appellant's counsel and have given careful consideration to his brief and argument.

[8] We have also noted the character of the woman, who testified for the state, and of necessity, and along with it, we have noted the character of the other associates as shown by the record; but this case was tried by a jury, who had all the parties before them, observed their manner, and heard their testimony. The jury was in a far better position to judge than we. That is where the law has placed it, and there we must leave it. We find no reversible error in the record, and the judgment is affirmed.

Affirmed.

### On Rehearing.

Appellant's counsel in brief, on application for rehearing, points out several rulings of the trial court which he insists constitutes reversible error. As to those pointed out the court proceeds to consider as follows:

[9, 10] The defendant while being examined as a witness in his own behalf and in chief having testified that the party alleged to have been robbed, and the woman who was in the car with them, had the car stopped, got out, the man taking a coat, went into the the woods, and remained hid for 25 or 30 minutes, and then came back, and the man charged the woman with having taken his money and threatened to shoot her, the solicitor on cross-examination elicited the fact that defendant knew what kind of a woman the woman was, that defendant had been with her, that defendant remained in the car while the man and woman was in the woods, and none of the others did. The solicitor was permitted, over the objection of defendant, to ask this question, "That good looking woman go out into the bushes, and you didn't go out and have intercourse with her?" to which defendant replied, "Not at that time." This we think, under the facts of this case, was within the range of legitimate cross-examination. The whole statement of facts presents a case revolting to the finer sensibilities, "ad nauseatum," and one question more or less along the same line, bearing on the behavior of the defendant at the time and place of the alleged robbery, would hardly change the result, in the minds of a jury who had been compelled to listen to the entire details of a transaction, which in its most favorable light was discreditable and disgraceful to all who were in the party. On cross-examination great latitude is allowed, and in this instance the trial court did not exceed its discretion.

[11] Bob Cameron, another of defendant's witnesses, had testified that he was in jail with defendant and others and saw the woman who was in the party, and now a state's witness, strip naked and stand so that she might be seen by the other inmates. Why and when he was in jail was a pertinent inquiry on cross-examination.

[12] While Nix was being examined as a witness for defendant, he was asked this question, "State if at any time over there George Taylor took that man's pocketbook and put it in the tool box in your car," to which the witness answered, "No, sir." The question was objected to because it was leading and the objection was sustained. This ruling was without error.

The constituent elements of the crime of robbery had been twice clearly defined in the oral charge of the court and again in written charge R given at the request of defendant. Charge 6, in slightly different language, was but a repetition of what had already been charged, announced no new principle, and could only have tended to confuse the minds of the jury as to what had been said.

As to the other points discussed, the court refers to the original opinion.

We see no good reason to reverse our former ruling, and the application is overruled.