**POTTER v. STATE. (8 Div. 958.)**

(Court of Appeals of Alabama. April 3, 1923.)

**1. Criminal law ⬚406(1), 407(1), 517(2)— Confessions and admissions of defendant and his codefendant admissible.**

In a prosecution for grand larceny, under evidence tending to prove that the defendant was in possession of a stolen automobile, testimony of his confession and as to incriminatory statements made by him and his codefendant in his presence and hearing, not denied by him, were admissible.

**2. Criminal law ⬚789(4)—Instruction on reasonable doubt approved.**

In a prosecution for burglary, a charge that, if the jury believe from the evidence beyond a reasonable doubt that the defendant was guilty, they should convict, although they believe it possible that defendant is not guilty, *held* a correct statement of law.

**3. Criminal law ⬚1188—Judgment approved and cause remanded for sentence.**

Where the only error in the record on appeal from a conviction for crime is in the sentence, the judgment of conviction will be affirmed and the cause remanded for proper sentence.

Appeal from Circuit Court, Madison County; Osceola Kyle, Judge.

Andrew Johnson Potter was convicted of grand larceny, and he appeals. Affirmed as to judgment; reversed for proper sentence.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The evidence tended to prove that Mr. Grayson was in possession of an automobile and that it was stolen. That being the case, and the proper predicate having been laid, it was competent to prove the confession of defendant, or incriminatory statements made by him relating to the taking of the car, as were, also, incriminatory statements made by a codefendant in the presence and hearing of defendant, connecting defendant with the taking, which statements were not denied by him.

[2] The court, at the request of the state, gave this charge:

"I charge you, gentlemen of the jury, that if you believe from the evidence in this case beyond a reasonable doubt that the defendant is guilty, it is your duty to convict him, although you believe it is possible that he is not guilty."

This charge correctly states the law, and there was no error in giving it.

[3] There is no error in the record that would warrant a reversal of the judgment of conviction. But it appearing that the sentence is for an indeterminate period of from eight months to two years in the penitentiary, and such sentence not being authorized by the statute, the judgment of conviction is affirmed and the cause is remanded for proper sentence.

Affirmed as to judgment, and reversed for proper sentence.