(107 So. 801)
### HENLY v. STATE. (4 Div. 122.)

(Court of Appeals of Alabama. Dec. 15, 1925. Rehearing Denied Feb. 9, 1926.)

1. Criminal law ⬲406(3), 522(1)—Confession, or admission in nature of confession, may be properly admitted, where made while clearly not under influence of either hope or fear.

Although confession, or admission in nature of confession, is presumed involuntary and inadmissible, when it clearly appears from attending circumstances at time that statement was not made under influence of hope or fear, it may be properly admitted.

2. Criminal law ⬲406(3).

In prosecution for assault with intent to murder, statement of accused, immediately after difficulty, that "I intended to cut his head off," held properly admitted.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

Austin Henly was convicted of assault with intent to murder, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Henly v. State, 107 So. 801, 214 Ala. 314.

Marcus J. Fletcher, of Andalusia, for appellant.

Counsel argue for error in the questions raised, but without citing authorities.

Harwell G. Davis, Atty. Gen., and Chas. H. Brown, Asst. Atty. Gen., for the State.

The statement of defendant was admissible without predicate. Hall v. State, 94 So. 59, 208 Ala. 199.

SAMFORD, J. [1, 2] Exception was taken by defendant to the ruling of the court in the admission of testimony of Bertie Williamson to the effect that after the difficulty, and in front of her gate, she had heard defendant say: "I intended to cut his head off." While it is true all confessions, and admissions in the nature of confessions, of defendants are presumed to be involuntary and inadmissible as evidence, there is another rule just as well settled, to the effect that, when it clearly appears, from the attendant circumstances shown in evidence at the time of the statement, that it was not made under the influence of either hope or fear, such admission or statement is properly admitted. Carmichael v. State, 72 So. 405, 197 Ala. 185; Love v. State, 27 So. 217, 124 Ala. 82; Sullins v. State, 53 Ala. 474; Henderson v. State 25 So. 236, 120 Ala. 360. Such is the case in the instant case. The admission was properly admitted. The other exception is without merit.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.