(126 So. 498)

## SIMS v. STATE.

5 Div. 774.

Court of Appeals of Alabama.

Jan. 14, 1930.

Rehearing Denied Feb. 4, 1930.

388

Jas. W. Strother, of Dadeville, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

BRICKEN, P. J.

The indictment contained four counts, and charged this appellant with the offense of an assault with intent to rob. No objection by demurrer, or otherwise, was interposed to the indictment, and the judgment entry shows, "the defendant being arraigned upon the indictment, for his plea thereto, says he is not guilty. Issue was then joined upon the defendant's plea of not guilty."

A plea of "not guilty" in a criminal case is an admission of the genuineness of an indictment, and operates as a waiver, by the accused, of all irregularity in the filing or presenting of it.

The state insisted, and offered evidence in support thereof, that on December 20, 1928, an automobile stopped near the First Bank of Notasulga, Ala., and that three masked men armed with revolvers entered the bank and ordered Albert B. Hope, its president, and Carl M. Hayes, cashier of the bank, to "hold up your hands and get back into the vault"; that these bank officers very promptly obeyed the order thus given, and at that time there was some $10,000 in money in the bank; that the attempted robbery of the bank was frustrated, the invaders being frightened away by the screaming of a terrified negro woman

who was in the back as a customer at that time.

■ Although no demurrer or other objection was interposed to the indictment, appellant here insists that the indictment is insufficient to charge the offense of an assault with intent to rob, in that it fails to charge the attemped robbery was committed upon and against the person of the individuals named. In this connection mere reference may be had to the case of Douglass v. State, 21 Ala. App. 289, 107 So. 791, 793, where the identical point was decided adversely to the contention of appellant. The indictment in the instant case is, in substance, the same as the indictment in the Douglass Case, supra, and this court expressly there held that an indictment charging an assault on a cashier with intent to rob the bank was good; it being unnecessary that the property taken be that of the person from whom it was taken. In this connection the court said:

"The contention is 'that an indictment which charges an assault upon "A." with intent to rob "B." would be absolutely bad.' We cannot accede to this proposition as relating to the count of the indictment here. This court judicially knows that a cashier of a bank is the officer thereof who is intrusted with, and whose duty is to take care of, the cash or money of such bank; or, in other words, that the cashier of a bank is the custodian of the funds of such bank, and, by the great weight of authority, the words 'taking from the person of another,' as used in connection with the common-law definition of robbery, are not restricted in application to those cases in which the property taken is in actual contact with the person of the one from whom it is taken, but include within their meaning the taking by violence or intimidation from the person wronged, in his presence, of property which either belongs to him *or which is under his personal protection and control.* To constitute robbery it is necessary, of course, that the property taken should be that of some other person than him who takes it, *but it is not necessary that it should be the property of the person from whom it is taken.* Thus a felonious taking by force has been held to be robbery where the property taken was in the lawful possession of a bailee, agent, or employee of the owner. We regard what has been said as being a sufficient answer to the insistences made in connection with the alleged invalidity of the indictment.

The taking of property *from the presence of a person,* and under his direct physical personal control, *is the equivalent* of taking from his person. Rice v. State, 204 Ala. 104, 85 So. 437. See, also, Hill v. State, 145 Ala. 58, 40 So. 654; Henderson v. State, 172 Ala. 415, 55 So. 816; Thomas v. State, 91 Ala. 34, 38, 9 So. 81.

■ Upon his examination as a witness for the state, the president of the bank in question, Albert B. Hope, testified, among other things: "I saw three men come into the bank together; they came on into the bank; I heard the command saying, 'hold up your hands, get back into the vault.' I looked, then I saw these three men, one came on back and he had a pistol in his hand, I could just see the barrel. It was shiney, nickel plated. I could see the end of it pretty plainly, he walked up and said, 'Throw up your hands, get in the vault.' We did what he said. He was disguised in a way that I couldn't say just how he looked. He was a man I judged to be about my size, I weigh a hundred and ninety odd." At this juncture one of the counsel for the prosecution, who was conducting the examination of the state's witness Hope, said to defendant, "Stand up Edgar Sims." Counsel for defendant objected, and directed the defendant to keep his seat. The court overruled defendant's objection, and directed the defendant to stand up. The defendant stood up in obedience to the order of the court; whereupon counsel for state stated: "I am not going to put him in evidence." Defendant reserved an exception. Counsel for state said: "We don't insist, we are willing for it to go out." The court thereupon excluded the matter, and instructed the jury: "that is not any evidence here at all. That is all excluded gentlemen."

Appellant here insists that, notwithstanding the withdrawal by the state, and the consequent exclusion of this matter from the jury, by the court, it operated as an invasion of his constitutional rights, wherein it is provided a person charged with crime shall not be compelled to give evidence against himself.

Similar questions, to the one here involved have been the subject of discussion in many decisions of this and other states, and in them we find a marked diversity of opinion. Wells v. State, 20 Ala. App. 240, 101 So. 624, and cases cited. Appellant appears to rely principally upon the Wells Case, supra, to sustain his insistence of error in the rulings of the court here complained of. While there is some similarity on this point in the Wells Case and the case at bar, there is a marked differentiation which appellant's counsel has apparently overlooked in this. In the Wells Case the opinion clearly states, "The trial court required the defendant, *although not a witness in the case,* to stand up in the presence of the jury to be inspected and identified by a state's witness on the stand;" and in the Wells Case the matter was allowed to thus stand, over the objection and exception of defendant. No effort was made to withdraw it from the jury or to have it excluded by the court, as it affirmatively appears was done in this case. But more important, in the instant case the accused *was a witness* in

his own behalf of his own volition; he took the stand voluntarily and testified in the case. We therefore are of the opinion, even if the action of the state in "withdrawing the matter and consenting that it should go out," and the rulings of the court in excluding same and accordingly so instructing the jury, were abortive and insufficient, such error or irregularity as may have remained was fully cured by the accused in voluntarily offering himself as a witness in taking the witness stand and giving testimony before the jury. It is elementary that the jury was under the duty of observing all incidents of the trial, the witness himself and his demeanor upon the stand while giving his testimony. For these reasons, if for no other, we hold that no prejudicial error appears, and the insistence of reversible error in this connection cannot prevail.

Refused charges numbered 1 to 12, inclusive, were affirmative in their nature, and under the conflicting evidence in this case were not in point. They were properly refused.

The evidence in this case without dispute or conflict tended to establish the corpus delicti of the offense charged in the several counts of the indictment. No conclusion, other than this, could be reasonably reached. The offense complained of being affirmatively established by the undisputed evidence, the material, in fact vital, question remained, was this appellant guilty of the commission of said offense? There was evidence, which if believed under the required rules, amply sufficient to establish this fact, and beyond all controversy was sufficient to carry the question of the guilt or innocence of the accused to the jury.

Appellant strenuously denied all knowledge of, and connection with, the attempted robbery of the bank. He testified that he was not present when the alleged crime was committed, that he was not in the town of Sylacauga at the time, and that he had never been in said town. He set up an alibi, and insisted he was many miles distant from the place of the attempted robbery at the very time it was alleged to have been committed; and in this connection he offered the testimony of numerous witnesses which tended to corroborate him and which tended to sustain him in his insistence of alibi. These questions were for the jury, and, after a careful consideration of all the evidence in this case as shown by the record, we entertain the opinion that it was sufficient to sustain the verdict of the jury and to support the judgment of conviction duly pronounced and entered.

From what has been said, the motion in arrest of judgment, and also the motion for a new trial, were without merit, and were properly overruled by the trial court.

Under the evidence in this case, charge numbered 13 was wholly abstract and if for no other reason was properly refused.

Certain exceptions were reserved to the court's oral charge on the question of the law of alibi. The court's oral charge, as finally given to the jury in this connection, when taken and considered with the whole charge, was free from error. Caraway v. State, 18 Ala. App. 547, 93 So. 376, and cases cited.

Every question presented by appellant has been herein considered. We find no error of a reversible nature in any of the court's rulings, nor upon the record proper which has been duly examined. It is therefore ordered that the judgment of conviction from which this appeal was taken will stand affirmed.

Affirmed.