28 So.2d 814

## CARRINGTON v. STATE.

### 6 Div. 355.

Court of Appeals of Alabama.

Jan. 14, 1946.

K. C. Edwards, of Birmingham, for appellant.

Wm. N. McQueen, Atty. Gen., and MacDonald Gallion, Asst. Atty. Gen., for the State.

CARR, Judge.

This appeal is based on a judgment of conviction for robbery.

Without dispute in the evidence, under circumstances that would constitute the offense charged, a Mr. Pitts was attacked in an alley in the City of Birmingham and the sum of $29 was taken from his person.

The assaulted party testified on the trial below that two persons participated in the crime, one of whom struck him with a bottle. He was unable to positively identify either of his assailants, but stated that in his best judgment the appellant was the one who inflicted the bottle blow.

The defendant was arrested in Cincinnati, Ohio, some weeks later and returned to Jefferson County, Alabama, in the custody of two detectives. One of these officers gave testimony of the contents of two statements the defendant made to him, one en route from Cincinnati and the other at the county jail after their arrival. In the first

of these, the accused admitted that he was present at the time of the commission of the alleged offense, and in the second, in addition to this admission, said he was given some of the money taken from the assaulted party and with it "bought drinks and plenty to eat." He denied on both occasions that he actually participated in the robbery or lent any aid to the consummation of the offense.

As a witness in his own behalf, the appellant testified that he was in the company of two other men when Mr. Pitts was observed on the opposite side of the street near an alley; that he refused to accompany his two companions as they proceeded across the street to the place of the assault, but instead journeyed down the sidewalk to his home.

The trial judge, in an able and comprehensive oral charge, instructed the jury on the principles of aiding and abetting. The evidence for the State gave rise to a consideration of this recognized rule of law, and the jury was permitted to bring it into its deliberations.

 We hold that the general affirmative charge was not due the defendant. Title 14, Sec. 14, Code 1940; Jones v. State, 174 Ala. 53, 57 So. 31; Parks v. State, 21 Ala.App. 177, 106 So. 218; Brown v. State, 30 Ala.App. 5, 200 So. 637.

We conclude also that the motion for a new trial was overruled without error. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Peterson v. State, ante, p. 439, 27 So. 2d 27.

Very few questions were raised during the progress of the trial relating to the introduction of the testimony. We will briefly treat those that appear to have meritorious value.

Objections were interposed to the alleged confessions of the defendant, the stated grounds being that it was not shown that the statements were voluntarily made. A very detailed inquiry was made concerning the circumstances under which the statements were made, and it is evident without doubt that all demands of the rule were met. Sampson v. State, 54 Ala. 241; Henly v. State, 21 Ala.App. 259, 107 So. 801.

The court sustained objections of the solicitor to some questions on the asserted grounds that they were leading. It appears to us that the questions contain this vice, and for this reason the answers thereto were properly disallowed.

The evidence discloses that forthwith after his money had been taken Mr. Pitts made it known at police headquarters, and the circumstances as related by him were reduced to writing on an "offense report." After the defendant had been brought back from Cincinnati he placed his signature on the face of this paper. This he admitted. Over the objection of counsel for appellant the court permitted this document in evidence. Whatever immateriality may be charged against its admissibility, we cannot find therein any matter that could be made prejudicial to the accused except the recitation of the facts of the alleged crime. In this respect it is in substantial accord with Mr. Pitts' description when he testified on the trial. On the report the names of the persons suspected to have committed the crime are noted "unknown." We hold that if there was error here it was error without injury. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Jones v. State, 23 Ala. App. 395, 126 So. 178.

We conclude that the judgment of the primary court should be affirmed, and it is so ordered.

Affirmed.