33 So.2d 399

**POWELL et al. v. STATE.**

3 Div. 890.

Court of Appeals of Alabama.

Jan. 13, 1948.

Edw. G. Branch, Jr., and Victor H. Ballard, both of Montgomery, for appellants.

A. A. Carmichael, Atty. Gen., and L. E. Barton, Asst. Atty. Gen., for the State.

CARR, Judge.

The defendants were jointly indicted on a charge of robbery. The two were tried without a severance. The jury found both guilty as charged.

The alleged assaulted party was a soldier by the name of Weldon Bennett.

In brief, counsel for appellants states: "Herein, both defendants were arraigned on Monday, July 21, 1947, but defendant H. O. Powell had not at that time had appointed for him legal counsel and he was not duly represented by legal counsel at said arraignment. Edward G. Branch, Jr. was thereafter appointed to represent said defendant. Notice of said appointment being received by said Edward G. Branch, Jr. on Thursday, July 24, 1947, from the Clerk of the Montgomery County Circuit Court. Said Edward G. Branch, Jr. was not present in Court, nor had he been notified or had he any knowledge of said arraignment, and said defendant H. O. Powell was arraigned without representation of legal counsel as provided by law, and therefore was denied due process of law."

There was no proof taken to support this claim. As a part of the minute entry of the court, the record discloses: "This the 21st day of July, 1947, came William T. Seibels, Solicitor who prosecutes for the State of Alabama, and came also the defendants in their own person and by attorney, and the said defendants being duly arraigned and charged upon the indictment in this cause pleaded thereto not guilty."

We are, of course, under these circumstances controlled by the recitations of the record.

■ Before entering into the main proceedings of the trial, appellants' counsel moved for a continuance of the cause on the stated ground that sufficient time had not been allowed to prepare for trial. This was addressed to the enlightened discretion of the trial judge, and we cannot hold that there was an abuse in this incident. Morris v. State, 193 Ala. 1, 68 So. 1003; Wilson v. State, 31 Ala.App. 21, 11 So.2d 563.

■ Objections were interposed to the solicitor's standing near a witness while conducting the examination. To explain his ruling the court made this statement: "I overrule the motion, for the reason that Mr. Seibels does not hear well and I permit him to stand there for the purpose of hearing what the witness says, if he could hear better, I would insist that he take his place back from the witness, or if he would shake his finger at the witness or anything like that, in his face, but he talks in a loud voice so people can hear what he says, and I have no objection to that part of it. I overrule the objection."

It appears to us that the reasons here given fully justified the action of the judge.

■ It is insisted that the confession introduced in evidence was not voluntarily made. We cannot give our assent to this position. The State introduced preliminary evidence that met all the requirements of the applicable rule. Johnson v. State, 242 Ala. 278, 5 So.2d 632; Henly v. State, 21 Ala.App. 259, 107 So. 801.

■■ The alleged assaulted party was wounded about his head and face and found shortly thereafter in an unconscious state. On the day following the officers took photographic pictures of the victim. Over objections of defendants' counsel these photographs were allowed in evidence. It was stated by the witness that these pictures accurately portrayed the condition of the soldier at the time they were taken. Clearly, the nature and extent of the inflicted wounds was a pertinent inquiry. Brown v. State, 120 Ala. 342, 25 So. 182. The exhibits were properly admitted over the general grounds of objections interposed thereto. Wilson v. State, 31 Ala.App. 21, 11 So. 2d 563.

It cannot be charged as prejudicial error, although it may be said that the evidence was cumulative in effect and undisputed in fact. Wilson v. State, supra; Weems v. State, 222 Ala. 346, 132 So. 711.

■ We have given careful consideration to the other rulings of the court incident to the introduction of the testimony. We do not find, in any of these, questions worthy of our comment.

When the State had concluded the introduction of its evidence in chief, appellants' counsel moved for a directed verdict and the discharge of the defendants.

At this stage in the proceedings there was ample evidence presented to justify the court's action in overruling the motion. The State had made proof that both of the defendants had accompanied the soldier, late at night, from a cafe in the City of Montgomery to a night spot a few miles out; that the latter was in a drunken condition; that some money and a watch were taken from the person of the assaulted party; the testimony of an employee of the night spot that out in the yard back of the building she observed one of the defendants standing over the prostrate body of the soldier and, at the same time, the other defendant stood near by with a beer bottle in his hand; the evidence of the officers that they found the victim with wounds about his face and head, lying unconscious in the back of the building indicated above. The officers testified also that they found the soldier's watch under a mattress at the home of one of the appellants. In addition, the State had introduced the confession of one of the defendants.

What we have just observed will illustrate our view that the court properly refused the general affirmative charge for the defendants.

The fact that the victim of the assault was so drunk that he could not give a clear and accurate account of each detail of the occurrences was not fatal to the prosecution when all the evidence is taken into account.

**326**

The following authorities lend support to our conclusion that the affirmative charge was not due. Hood v. State, 18 Ala.App. 287, 92 So. 30; Carrington v. State, 32 Ala. App. 596, 28 So.2d 814; Title 14, Sec. 14, Code 1940.

In the case of Hardis v. State, 28 Ala. App. 524, 189 So. 216, this court held that the motion for a new trial should have been granted, but observed in effect that the evidence made a case for the jury. See also, Williams v. State, 31 Ala.App. 48, 11 So.2d 870.

■ It is urged in brief that the trial judge did not correctly state the applicable law on several occasions while instructing the jury orally. We cannot review this insistence in the absence of any exceptions to the oral charge. Kearley v. Cowan, 217 Ala. 295, 116 So. 145; Lipscomb v. State, 32 Ala.App. 623, 29 So.2d 145.

■. After the proceedings had progressed to some length, the following occurred:

"Mr. Branch: May I ask this,—I failed maybe, to put in an exception as I go. When I make the motion or objection.

"The Court: It is all right with me, if you have an agreement with the Solicitor, to have that.

"The Solicitor: I don't mind what exceptions you take. You can have an exception to everything.

"The Court: If it's all right with him, it's all right with me.

"The Solicitor: I just want to have a fair trial, and for you to have all the exceptions."

It is insisted in appellants' reply brief that because of this incident we should review portions of the court's oral charge with the view of determining whether or not there is error therein. We do not conclude that the agreement is so inclusive. Its reasonable implication is that it had reference to exceptions to the rulings of the court after objections were interposed. If we should accord to the insistence here made, it would laden our task of review with uncertainty and confusion.

There is no reversible error apparent in this record. The judgment of the primary court is ordered affirmed.

Affirmed.