44 So.2d 787

EMMONS v. STATE.

3 Div. 905.

Court of Appeals of Alabama.

June 21, 1949.

Rehearing Denied July 19, 1949.

Reversed on Mandate Feb. 28, 1950.

H. C. Rankin, of Brewton, for appellant.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

This is a companion case to Wilson v. State, 34 Ala.App. 549, 42 So.2d 474.

We refer to that opinion for a delineation of the facts. It is decisive of all questions presented in the instant case with this exception:

Preliminary to entering upon the trial the record discloses the following occurrence:

"Mr. Rankin: I want to let it be known that I am appointed by the Court to defend this defendant, and I don't want to waive anything that this boy would be entitled to, and it would—I don't want to waive his rights to a full venire. There are just 29 on the list to strike from.

"The Court: Cite me to the law.

"Mr. Rankin: We don't have it here; I don't feel that it would be right for me to waive that in his case.

"The Court: Very well, but I don't think there is any law to authorize him any more than that.

"Mr. Rankin: We are reserving the point."

Title 30, Sec. 65, Code 1940, provides in pertinent part: "If in any capital case the number of competent jurors shall be less than thirty, before requiring any of them to be stricken off, the court must draw as prescribed in this chapter * * *."

It follows that the appellant was not required to strike from a list of 29 jurors. He was indicted for a capital offense.

We are not persuaded that the question is properly presented for our review. Counsel should have objected to going to trial or to striking from the incomplete list. In addition, formal proof should have been made (and this should appear in the record) that there were in fact only twenty-nine names included on the list from which the accused was called upon to strike.

We have no reason, of course, to doubt the accuracy of the statement of counsel. However, our power to review is controlled by exact rules to which we must adhere.

On the authority of Wilson et al. v. State, supra, and what we have here added, the judgment of the court below is ordered affirmed.

Affirmed.

BRICKEN, P. J., not sitting.

PER CURIAM.

Reversed and remanded on authority of Emmons v. State, 253 Ala. 216, 44 So.2d 788.