42 So.2d 474

**WILSON et al. v. STATE.**

3 Div. 904.

Court of Appeals of Alabama.

June 21, 1949.

Rehearing Denied July 19, 1949.

———◇———

H. C. Rankin, of Brewton, for appellants.

A. A. Carmichael, Atty. Gen., and Bernard F. Sykes, Asst. Atty. Gen., for the State.

CARR, Judge.

Hubert Wilson, Bruce Wilson, and Herbert Emmons were jointly indicted for the offense of robbery. Hubert Wilson and his brother, Bruce were tried together. Emmons was tried at a later time.

We are here concerned with the appeal incident to the judgment of conviction of the two indicated brothers.

The property involved was one twenty-dollar bill and a pocket knife. Arch Fuqua is the person from whom the articles are alleged to have been taken.

It is not necessary that we set out the tendencies of the evidence in detail. Without question, the facts disclosed by the State's evidence made a case of robbery in its various legal aspects.

The disputed factual issues in the main revolve around the identity of the three persons who committed the offense. Each defendant denied that he was present at the scene of the crime and that he participated in its commission.

The offense was committed at about 4 o'clock P.M., and the witnesses for the State had the benefit of daylight to observe the offenders. Their testimony with respect to identification, together with other evidence of potent incriminating character, clearly made a jury question as to the guilt of each appellant.

In fact, appellants' counsel, with commendable candor, states in brief: "While the evidence was probably sufficient to justify the denial of the defendants' request for the affirmative charge, yet we do submit that there was error on the part of the court in denying the motion for a new trial."

As indicated, it is strongly stressed that we should declare that the lower court was in error in denying the motion for a new trial. We do not find ourselves in accord with this insistence. The rules by which we are guided would not be followed if we should adhere to this position. Freeman v. State, 30 Ala.App. 99, 1 So.2d 917; Booth v. State, 247 Ala. 600, 25 So.2d 427; Griffis v. State, 27 Ala.App. 205, 169 So. 24.

It appears that Mr. Fuqua, the alleged robbed party, made a written memorandum of the various denominations of money he recalled having at the time of the robbery. This record was made several hours after the main event. At the trial Mr. Fuqua was permitted to refresh his recollection from this notation. The paper was not introduced in evidence.

As we interpret the record relating to this proceeding, we cannot see where any rule of evidence was violated. In any event, it had to do with facts that were in no manner disputed. Wilson v. State, 31 Ala.App. 21, 11 So.2d 563; Powell v. State, 33 Ala.App. 323, 33 So.2d 399.

There was evidence that one of the participants in the offense had a rifle at the time of the robbery. A rifle, which the witnesses stated was the same, was subsequently found in the home of one of the appellants. This weapon was introduced in evidence.

It is very doubtful if the statement made by counsel amounted to an objection. In any event, there were no grounds interposed. Circuit Court Rule 33, Code 1940, Tit. 7 Appendix.

In brief insistence is made that there was an identification tag placed on the rifle by the officers and this was left intact when the exhibit was taken to the jury room. The tag, which we have examined, bears this notation: "Wilson rifle—got at house June 19–48"

There was no dispute in the evidence that this rifle was found in the home of one of the appellants.

All this aside, if counsel objected to this tag remaining attached to the exhibit, he should have made this fact known to the court.

We have responded to all questions of meritorious moment which are presented for our review.

It is ordered that the judgment of the court below be affirmed.

Affirmed.

BRICKEN, P. J., not sitting.