73 So.2d 878

## McTYRE v. STATE.

### 7 Div. 293.

Court of Appeals of Alabama.

June 29, 1954.

See, also, 258 Ala. 637, 64 So.2d 601.

Handy Ellis, Columbiana, for appellant.

Si Garrett, Atty. Gen., and Paul T. Gish, Jr., Asst. Atty. Gen., for the State.

CARR, Presiding Judge.

The accused was indicted for the offense of robbery.

Without dispute in the evidence three masked persons took $110 from the person of Edmund H. Driver, under circumstances that made the taking robbery.

Mr. Driver was unable to positively identify any of the persons, but he did testify that in his best judgment one of them was the appellant.

The State relied in the main on the testimony of witnesses who did positively identify the defendant as he left from near the scene in a Chrysler automobile. This car bore tag number 1D–4367, and admittedly the appellant owned and operated a car of this make which carried this tag number.

The defendant claimed that at the time in question he was in swimming with some friends at a place quite a distance from the scene of the crime. He disclaimed any participation in the commission of the offense. He testified that his car was not at or near the scene of the crime on the afternoon in question. He introduced several witnesses whose testimony supported his alibi claim.

The record in the case is very voluminous. We have read and studied it with a great deal of care.

The question of the sufficiency of the evidence to sustain the verdict is only presented by the motion for a new trial.

■ In response to this review we can do no better than adopt an excerpt from the opinion in the case of Booth v. State, 247 Ala. 600, 25 So.2d 427, 432:

"Among the grounds of motion for a new trial was the one that the verdict was contrary to the great preponderance of the evidence. The motion was denied. The solution of the questions of fact presented in this case was one not free from difficulty, but was one peculiarly for the jury's determination. The trial appears to have been conducted with great care. The defendant was vigorously represented by able counsel who was alert to his every interest, and the trial judge likewise appeared to have conducted the trial in such a manner as to safeguard defendant's every right. Under the rule by which we are here guided, there is no justification for a disturbance of the trial court's action in denying the motion for a new trial based upon this ground."

This is certainly illustrative of our conclusion in the instant case.

The rulings of the court were invoked only a very few times during the progress of the trial. In most instances the court ruled in favor of appellant's position.

■ An officer visited the scene shortly after the occurrence. He gave a rather detailed description of what he found. This included many holes in the walls of the

house. Over objections of appellant's attorney he was permitted to state that in his opinion they were made by bullets fired from pistols. He stated that he had had several years' experience with firing pistols.

In any event, the inquiry related to matters that were not in dispute. Mr. Driver testified that while he was detained by his assailants they fired a number of pistol shots in the house. Stallings v. State, 249 Ala. 1, 32 So.2d 233; Powell v. State, 33 Ala.App. 323, 33 So.2d 399.

■ There was some proof that the place where the robbery was committed had the reputation of being a gambling establishment. The persons who committed the offense entered the house while the occupants were away. Mr. Driver did not live there. He drove into the yard to get some water. Then it was that the offenders forced him into the house and took his money.

In his argument to the jury appellant's attorney stated in effect that the sheriff's office should have been as diligent in stopping the gambling at the place as it had been in prosecuting the case at bar. The court sustained the solicitor's objection to this statement. We think correctly so. Clearly the comment was without the scope of permissible argument.

There were two written charges refused to the defendant.

■ No. 8 is abstract. There was no proof that the State witnesses were biased or prejudiced. Besides, the instruction has a tendency to be argumentative. Lumpkin v. State, 19 Ala.App. 272, 97 So. 171.

■ No. 13 is an exact duplicate of given charge number 9. Title 7, Sec. 273, Code 1940; Gettings v. State, 32 Ala.App. 644, 29 So.2d 677.

We do not find any reversible error in the record.

The judgment below is ordered affirmed.

Affirmed.