105 So.2d 709

Charles **LLOYD**

v.

**STATE.**

**6 Div. 542.**

Court of Appeals of Alabama.

Oct. 7, 1958.

. Walter Emmett Perry, Jr., Birmingham, for appellant.

John Patterson, Atty. Gen., and Geo. D. Mentz, Asst. Atty. Gen., for the State.

PRICE, Judge.

Appellant was convicted of the offense of robbery. Code 1940, Title 14, Section 415.

The evidence for the State tends to show that around 12:30 A.M. May 4, 1955, John M. Fuller picked up a hitchhiker, named Mahlon Felkins, in downtown Birmingham, who rode with him to a point near Fuller's home; that when Felkins opened the door to get out Fuller was struck by someone from behind; that he was dragged from his automobile, beaten, and his wallet, two dollars and some coins, watch and two rings, were taken from his person. At least three persons participated in the beating and robbery.

Fuller testified that after his property was taken he was thrown into the back floor board of his automobile; that defendant got onto the back seat and held a knife at Fuller's throat; that Felkins drove Fuller's automobile, following another car, to a wooded area where Fuller was again beaten by Felkins, defendant and another man, and various accessories were stripped from his automobile; that the three men left the scene in a General Motors automobile with a torpedo-styled body.

The evidence for the State further tended to show that on September 28, 1955, at a police lineup Fuller identified defendant and Felkins as two of his assailants.

Fuller and two police officers of the City of Birmingham, after proper predicate laid as to voluntariness, testified that after Fuller's identification of Felkins and defendant, Felkins made a statement, in the presence and hearing of defendant, that Felkins and another man beat and robbed Fuller and that defendant held the knife on Fuller; that defendant's automobile was driven by the third person; that upon being questioned as to the truth or falsity of Fel-

kins' statement, defendant merely replied that Felkins was the one doing the talking.

The police officers testified that on May 4, 1955, Fuller's face was badly bruised and swollen; that when arrested defendant had on his person a knife and a piece of iron which appellant said he used to tighten his fist for fighting; that investigation disclosed defendant owned a 1950 Chevrolet automobile with a torpedo-shaped body.

For the defendant, Dr. John T. Strickland testified he treated defendant for whooping cough from April 27, 1955 to May 16, 1955; that as a part of his treatment defendant was confined to his home and in his professional opinion defendant was not strong enough during that period to drive an automobile or to engage in a fist fight.

Defendant's wife testified she took defendant to Dr. Strickland for treatment on numerous occasions during the first two weeks in May, 1955; that during this time defendant did not work, drive an automobile or leave home in the evenings; that she had never seen defendant in possession of a knife or iron bar; that Mahlon Felkins was her brother.

■ The evidence as to the robbery and defendant's participation therein was sufficient to sustain the judgment of conviction. Cost v. State, 30 Ala.App. 182, 2 So.2d 466. See also Hood v. State, 18 Ala.App. 287, 92 So. 30; Parsons v. State, 33 Ala.App. 309, 33 So.2d 164. The court's denial of the motion for a new trial was without error.

■ Mahlon Felkins' statements tending to incriminate the defendant, shown to have been made in his presence and hearing, and not denied by him, were properly admitted in evidence. Muse v. State, 29 Ala. App. 271, 196 So. 148; Scott v. State, 249 Ala. 304, 30 So.2d 689; Potter v. State, 19 Ala.App. 187, 95 So. 914.

We find no reversible error in the record and the judgment is affirmed.

Affirmed.