287 So.2d 248

**Wallace Merrett MANNING, alias**

**v.**

**STATE.**

**6 Div. 526.**

Court of Criminal Appeals of Alabama.

Oct. 30, 1973.

Rehearing Denied Dec. 4, 1973.

Swatek & Bell, Alabaster, for appellant; Wallace M. Manning, pro se.

William J. Baxley, Atty. Gen., Montgomery, and Samuel L. Adams, Special Asst. Atty. Gen., Dothan, for the State.

W. J. HARALSON, Supernumerary Circuit Judge.

Appellant appeals from a conviction of buying, receiving, or concealing stolen property with a sentence of seven years imprisonment in the penitentiary.

Terry Holloway testified that on the night of January 31, 1972, the Ford Torino automobile which he had been driving was stolen from a parking lot on Eighteenth Street in downtown Birmingham.

The main question argued in brief of appellant is the admission by the court of a statement made by him to a police officer who stopped the car in which appellant was riding. Appellant stated that the vehicle belonged to him. This argument is based upon the insistence of appellant that the statement was admitted into evidence over his objection without a proper predicate having been laid showing that he had been advised of his rights as prescribed by Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694.

The record shows that Officer Bolton of the Mobile Police Department was on a routine patrol in a police car on Dauphin Island Parkway when he noticed a car in which three people were riding. Two of them appeared to be scuffling and he stopped the car, a Ford Torino, which just before stopping pulled into the driveway of a house. It appears further that the appellant and his wife were scuffling and the car was being driven by a Mr. Abercrombie, a brother-in-law of appellant. The officer got out of the police car, approached the stopped vehicle, and asked the driver whose car it was. The appellant immediately stated the car was his and that if he could go into the nearby house, the house of his mother, he could produce a tag receipt and a bill of sale for the car. In the meantime the police officer had radioed for a check on the ownership of the car and, as appellant was on his way toward the house, a reply came from the officer's query that the car was listed as stolen. The officer called upon appellant to stop, but instead, he ran away and escaped into some nearby woods. He had never been placed under arrest at the time of his escape. Neither had anything happened to coerce appellant into making the statement, nor had any inducements, threats, or promises been made by the officer or anyone else. The appellant was apprehended and placed under arrest several months later.

In Henly v. State, 21 Ala.App. 259, 107 So. 801, this Court said:

"... While it is true all confessions, and admissions in the nature of confessions, of defendants are presumed to be involuntary and inadmissible as evidence, there is another rule just as well settled, to the effect that, when it clearly appears, from the attendant circumstances shown in evidence at the time of the statement, that it was not made under the influence of either hope or fear, such admission or statement is properly admitted. Carmichael v. State, 72 So. 405, 197 Ala. 185; Love v. State, 27 So. 217, 124 Ala. 82; Sullins v. State, 53 Ala. 474; Henderson v. State, 25 So. 236, 120 Ala. 360. Such is the case in the instant case. The admission was properly admitted. ..."

This rule has been adhered to in many later cases. Tillison v. State, 248 Ala. 199, 27 So.2d 43, and Morris v. State, 25 Ala. App. 156, 142 So. 592, are illustrative of holdings on this point.

We hold this statement was admissible as being purely exclamatory and not induced by any improper influence proceeding from anyone or the surrounding circumstances of the appellant.

The well known case of *Miranda,* supra, deals with statements made by individuals who are subjected to custodial interrogation. This rule is clearly set out in Truex v. State, 282 Ala. 191, 210 So.2d 424, as follows:

". . . In *Miranda* the Supreme Court of the United States expressly said, 'We deal with the admissibility of statements obtained from an individual who is subjected to custodial police interrogation * * *.' That is not the case here. The court went on to define what was meant by custodial interrogation, as follows:

"' * * * we mean questioning initiated by law enforcement officers after a person has been taken into custody or otherwise deprived of his freedom of action in any significant way.' "

■ Under the circumstances reflected by the record in the case at bar, the statement was not the result of "custodial interrogation," and the rule set out in *Miranda* does not apply.

We conclude there was no error in the admission of this statement into evidence.

No other matters are argued in brief and assigned as error. However, we have searched the record as is our duty under Tit. 15, § 389, Code of Alabama, 1940, Recompiled 1958, and find no error of a reversible nature.

The foregoing opinion was prepared by Honorable W. J. HARALSON, Supernumerary Circuit Judge, serving as a Judge of this Court under Section 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of this Court.

The judgment is hereby

Affirmed.

All the Judges concur.